FRANCIS and another *against* LEWIS :

IN ERROR.

A prosecution under the 4th section of the statute relating to Masters and Servants, (*tit.* 64. *p.* 319.) by complaint of the master against an apprentice bound by indenture, for disobedience, is *criminal* in its character ; and after a trial and acquittal of the defendant, a writ of error by the complainant, is not sustainable.

THIS was a complaint, preferred by *George Francis* and *Henry Francis*, against *George S. Lewis*, to two justices of the peace, alleging, that the complainants were carriage and harness makers and trimmers ; that for more than two years last past, the defendant had been, and then was, an apprentice to the complainants, lawfully bound by indenture ; that the defendant, at divers times between the 1st of *May*, 1835, and

the 18th of *March*, 1836, wilfully and contemptuously disobeyed the commands and resisted the authority of the complainants, and refused to perform the work assigned him; and that, on the 19th of *March*, 1836, the defendant left the employment of the complainants; which doings of the defendant are against the form of the statute in such case provided, and to the great injury of the complainants. They therefore prayed for a warrant, to apprehend the defendant, and bring him forthwith before the justices to whom the complaint was addressed, to answer to the matters alleged in the complaint, and to be thereon dealt with according to law. A warrant was accordingly issued, by virtue of which the defendant was arrested, and brought before the justices to whom it was returnable. The defendant pleaded *Not guilty*. On the trial, an important document offered in evidence, by the complainants, was ruled out; and the court found the issue for the defendant, and ordered him to be discharged from the arrest. The complainants filed a bill of exceptions, and thereupon brought a writ of error in the superior court; which was reserved for the advice of this court.

*W. W. Ellsworth*, for the defendant, moved this court to erase the cause from the docket, on the ground that the proceedings before the justices were criminal, and not civil; and as the defendant had been once tried and acquitted, he could not be tried again; and consequently, a writ of error was not sustainable.

*T. C. Perkins*, for the plaintiffs in error, opposed the motion, insisting that the proceedings were civil in their character, and subject to revision, by writ of error. The acts charged in the complaint are only a breach of contract; a non-compliance with the indentures. A complaint by a grand-juror for such conduct, could not be sustained. This is like a proceeding under the statute of bastardy for maintenance; which has been held to be a civil suit. *Hinman* v. *Taylor*, 2 *Conn. Rep.* 357. The complainants may amend or withdraw their complaint. If they fail in the suit, costs are taxed against them.

BISSELL, J. The plaintiffs in error preferred their complaint to two justices of the peace, against the defendant, on the 4th

section of the statute relating to *Masters and Servants.* *Tit.* 64. *p.* 310. Upon this complaint the justices issued a warrant, in virtue of which the defendant was arrested, and brought before them. On an enquiry into the facts stated in the complaint, the justices found the defendant *not guilty*, and discharged him from the arrest. The complainants. conceiving that the justices erred, in some interlocutory decisions made by them, filed their bill of exceptions, and brought the present writ of error to the superior court. The case was reserved for our advice ; and a motion is now made to erase it from the docket, on the ground that a writ of error will not lie, and of course, that the superior court has no jurisdiction of the cause.

It is admitted, that if the proceedings under this statute are *criminal* in their character, this writ of error does not lie ; and that the motion must prevail. Is then a prosecution under this section of the statute civil or criminal? This is the whole enquiry.

In the case of *Hinman* v. *Taylor*, 2 *Conn. Rep.* 257, the question was much discussed, whether the *form of the process*, or *the object and end of it*, decided the character of the proceeding. *Swift*, Ch. J. denied that the *form* of the process decided the character of the action ; and he insisted, that " to constitute a criminal suit, some punishment must be inflicted in behalf of the state." On the other hand, *Gould*, J. contended, that it is the *form* of the proceeding, and not the *cause* or object that decides its character, whether it be civil or criminal.

Now, whether we adopt the one criterion or the other, it seems equally difficult to resist the conclusion that the proceeding in question is strictly criminal.

In the first place, it is upon complaint. The process is forthwith. The defendant is arrested, and brought before a court of enquiry. He pleads in custody ; and if found *guilty*, is sentenced to the house of correction, or the common gaol. In all this, is there a single feature of a civil suit ?

It is, indeed, said, that here is no informing officer ; that the state is not a party ; that the complaint is preferred, by an individual ; and that the only object is to obtain redress for a civil injury.

Were this complaint preferred, by a public prosecutor, there could be no doubt of the criminal character of the proceeding. Does the mere fact that the complaint is exhibited, by the indi-

vidual inj red, alter its character, and make it a civil proceeding?

An appeal of murder is a suit between the plaintiff and defendant; yet it has always been holden to be criminal in its character; and if the appellee be acquitted, he cannot afterwards be indicted for the same offence. 2 *Stra.* 856. 4 *Bla. Com.* 315. A complaint to obtain surety for the peace, or general behaviour, is always exhibited by an individual. But is it therefore a civil proceeding? And so again, under the laws of the *United States,* if a sailor who has signed the shipping articles, shall, in any port or place, desert, or absent himself from his vessel, without leave, a justice of the peace may, *on the complaint of the master,* issue his warrant to apprehend and bring the deserter before him; and upon finding the facts stated in the complaint to be true, may commit him to the house of correction or common gaol, there to remain until the vessel shall proceed on her voyage, or until the master shall require his discharge. And is this a mere civil suit between party and party?

The *object* of a civil suit, whatever may be the *form* of proceeding, is always and uniformly the same. It is to obtain redress for an injury suffered. On this ground, the decision proceeded in the case of *Hinman* v. *Taylor. Hosmer,* J., says: "an action for money had and received is no more the redress of a civil injury, than a suit to obtain the benefit of this law;" and the case is compared to an action on a note or book debt, were the legislature to authorise a forthwith process, in those cases.

But what is the *object* in this proceeding? No pecuniary compensation for an injury done, is either sought or obtained. Nor is there redress for such injury, in any other form. For it is idle to say, that the imprisonment of a refractory apprentice, for thirty days, affords any redress to the master, for an injury already sustained. True it is, that the stubborn apprentice is punished;—and true it is, that by it, his future good conduct may be secured: and true it is also, that the example may be salutary in its influence upon others in his situation. And if these, or some one of them, be not the objects of the proceeding, the imprisonment is a cruel mockery. It affords not the shadow of redress. The argument for the plaintiffs in error supposes, that a man may be seized on a forthwith process; he

brought before a court of enquiry, compelled to plead in custody, be committed to the house of correction, or to the common gaol, and there imprisoned, for thirty days, without bail or mainprize ; and all this, in a mere civil suit between plaintiff and defendant. Before we thus decide, we may surely require that some proceedings in a civil cause, bearing some remote analogy to this, should be produced. That under the statute of bastardy, has been pressed upon us, and it certainly bears a stronger resemblance to the present case, than any other which has been put. There is, indeed, a similarity in the *modes of proceeding.* But the ends and objects, we have seen, are entirely dissimilar. In the one case, redress for a civil injury is sought and obtained. In the other, no such redress is either sought or obtained. In the one case, imprisonment forms no part of the judgment, and is never suffered, except for the purpose of securing a compliance with the order of the court. Here, imprisonment is the *sentence.* No other judgment, upon the finding of *guilty,* can be rendered. The court has no discretion, except only in regard to time.

It is said again, that here is no violation of any public law ; and, therefore, the proceeding is not criminal. The inference does not follow. What public law has the sailor, who deserts his ship, violated ? Or he of whom surety of the peace is demanded ? It is enough that an act has been done, which, under a general law of the land, subjects the party to imprisonment, *as a punishment.* And it is no answer to say, that there has been no infraction of any article in our criminal code.

We would advise the superior court, that the cause be erased from the docket.

The other Judges were of the same opinion.

Cause to be erased from the docket.