LOTT FENN vs. MAHLON H. BANCROFT AND OTHERS.

The statute, Rev. of 1866, p. 318, sec. 98, (somewhat changed in Rev. of 1875, p. 193, sec. 7,) provided that the parents and guardians of apprentices, and the selectmen where the apprentices were bound by them, should inquire into their treatment by their masters, and if they should find the latter guilty of any personal abuse or neglect, they might make complaint to a justice of the peace, who should cause such masters and apprentices to come before him, and should reconcile them if able, and if not might at his discretion bind both to appear before the Superior Court, which, if it found the master guilty, might discharge the apprentice from his service. Held that the proceeding authorized by this act was a civil and not a criminal one.

And held that the selectmen of a town had no power to institute such proceedings in cases where the apprentice had been bound out by the parent or guardian.

Nor where bound out by the selectmen of another town.

TRESPASS, for an assault and false imprisonment; brought to the Superior Court in Litchfield County. Facts found by a committee and case reserved for advice. The case is fully stated in the opinion.

*H. B. Graves*, for the plaintiff.

*C. B. Andrews*, for the defendants.

CARPENTER, J. In the year 1870, the selectmen of New Haven under the statute indentured Anna Roach, a minor, to the plaintiff and his wife. At that time all the parties resided in New Haven. In 1874 Fenn, the plaintiff, and his wife, together with the apprentice, resided in East Windsor.

In November of that year the selectmen of East Windsor entered a complaint to a justice of the peace in that town against the plaintiff and his wife, charging that they caused the said Anna Roach by reason of tyranny and cruelty to flee from them on the 25th day of October, 1874, to the house of one of the inhabitants of said town. On that complaint the justice issued a warrant commanding the officer to arrest Fenn and his wife and them forthwith have before the magistrate. Such proceedings were had thereon that on the 4th day of November the justice found "sufficient cause to bind the said Lott Fenn and Amelia P. Fenn to appear at the next Superior Court," and the parties were ordered to become bound to the treasurer of the state of Connecticut, each with one sufficient surety, in the sum of one hundred dollars, to appear before said court and answer said complaint. The plaintiff failing to become so bound a mittimus was issued in the usual form of criminal proceedings, on which he was arrested and committed to jail. This action is brought against the selectmen, the magistrate, and the officer, to recover damages for such imprisonment. The Superior Court by a committee found the facts and assessed the damages, and reserved for our advice the question whether the plaintiff is entitled to recover.

It will be noticed that the proceedings were criminal in form, and that the plaintiff was arrested and treated throughout as a party accused of crime. Does the statute authorize proceedings in that form? We think not. The statute then in force was as follows:—"The parents and guardians of apprentices, and the selectmen, where the apprentices are bound by them, shall inquire into the treatment of apprentices by their masters; and if they find that the masters are guilty of any personal cruelty or abuse, * * or if such apprentices shall flee from the tyranny and cruelty of their masters to the houses of any of the inhabitants of the same town, then, in either of the above cases, such parents, guardians, or selectmen, shall make complaint to a justice of the peace in the town, who shall cause such masters and apprentices to come before him, and reconcile

them if he can; and if he cannot, he may, according to his discretion, bind the master to appear at the next Superior Court, and also the apprentice, or give order for his custody in the meantime, and for his appearance at said court; which court shall inquire into the matters complained of, and if it finds the master has been guilty of personal cruelty and abuse, * * it may discharge the apprentice from the service of the master, and cancel the indenture." The statute then provides that the court may award execution for costs against the unsuccessful party.

We have certain statutory proceedings in which a question may arise as to their character—whether they belong to the civil or criminal branch of the law. On two occasions such questions have come before and have been determined by this court. The first arose under the bastardy act. *Hinman* v. *Taylor*, 2 Conn., 357. It was then determined that the end and object, and not the form, of the proceeding determined its character. Accordingly it was held that a prosecution under that act, although criminal in form, was nevertheless a civil proceeding. In *Francis* v. *Lewis*, 11 Conn., 200, the question arose whether the prosecution of a refractory apprentice under the ninety-sixth section of the statute now under consideration was a civil or criminal proceeding. Following *Hinman* v. *Taylor*, it was determined to be a criminal prosecution, inasmuch as it was criminal in form and imprisonment might follow a conviction of the accused.

Let us apply to this case the test adopted and applied to those cases. No warrant is provided for, no arrest, and a forthwith process is not required. The statute simply is that the justice " shall cause such masters and apprentices to come before him." The manner of doing so is not given. But the same process, whatever it is, applies to the apprentice as well as to the master, and he too may be bound to appear before the Superior Court, and it certainly will not be claimed that the statute authorizes a criminal proceeding against the apprentice. If we pass from the form to the end and object of the suit, it will still more clearly appear that the

process should not be criminal. There is no public wrong to be punished, no fine and no imprisonment. The primary object is to reconcile the parties if it can be done; if not, the court may discharge the apprentice and cancel the indenture. Moreover the successful party, whichever it may be, is entitled to costs, and an execution, not a mittimus or warrant of commitment, issues for costs. This is characteristic of a civil suit and unlike anything we have in criminal practice.

For these reasons we think the process requiring the arrest and imprisonment of the plaintiff was unauthorized and the arrest and imprisonment cannot be justified.

There is another objection that goes to the validity of the whole proceeding. The statute did not authorize the selectmen of East Windsor to make complaint. Parents and guardians, "and the selectmen where the apprentices are bound by them," are the only parties authorized to interfere. The statute, with a view to provide for the welfare of apprentices, makes it the duty of parents to look after their children, guardians after their wards, and the selectmen after apprentices bound by them; and confers upon persons sustaining those relations certain powers. But the power is limited to persons who have been instrumental in establishing the relationship of master and apprentice. Hence one parent has no power in respect to the children of others, guardians can only act in respect to their wards, and the selectmen have nothing to do except with apprentices bound by them or their predecessors. The statute clearly contemplates that the selectmen of each town will see that apprentices bound by them are properly treated, and to that end confers upon them the necessary power; but no duties are imposed or powers conferred upon them in respect to apprentices bound by the selectmen of other towns. This being so, the whole proceeding was unauthorized and void, and affords no justification to any of the parties concerned.

We advise judgment for the plaintiff against all the defendants.

In this opinion the other judges concurred.