JAMES REYNOLDS vs. GEORGE E. HOWE.

The statute of 1881 (Acts of 1881, ch. 19,) provides that "justices of the peace shall have power to commit to the State Reform School any boy under the age of sixteen years, who is in danger of being brought up, or who is being brought up, to lead an idle or vicious life." Held—

1. That no appeal lies from the judgment of a justice of the peace under it.
2. That any person may make complaint to a justice under it, or the justice may take up the matter without complaint, and that consequently it did not affect the validity of a judgment and commitment under it that the complaint was made by a grandjuror and in the form of a criminal complaint.
3. That the statute is constitutional and valid.

[Argued December 11th, 1883—decided February 29th, 1884.]

APPLICATION for a writ of habeas corpus; brought to the Court of Common Pleas, and heard before *Studley, J.*

The complaint alleged that John Reynolds, a minor son of the plaintiff, of the age of eleven years, was confined without law or right in the State Reform School at Meriden by the defendant, and prayed that a writ of habeas corpus might be issued. The return of the defendant alleged that he was the legally appointed superintendent of the State Reform School, and as such had the body of the said John Reynolds in his custody, under a mittimus issued by Milton M. Woodford, a justice of the peace of the town of Bristol, which was as follows: To the sheriff, &c. Whereas John Reynolds, of said town, a minor, under the age of sixteen years, to wit, of the age of eleven years, was this day brought before the subscriber, a justice of the peace for said Hartford County, residing in said town of Bristol, by virtue of a warrant issued upon the complaint of Sidney A. Olcott, a grandjuror for said town, and upon a hearing on said complaint I found that at said town of Bristol, on the 20th day of May, 1883, the said John Reynolds was a boy under the age of sixteen years, to wit, of the age of eleven years, and was in danger of being brought up, and was being brought up, to lead an idle and vicious life, against the peace, of evil example and

contrary to the statute in such case made and provided;
and it was considered by me that said John Reynolds be
committed to the said State Reform School during the term
of his minority. These are therefore by authority of the
State of Connecticut to command you to take and convey
the said John Reynolds to the said State Reform School, in
said town of Meriden, and him deliver to the superintendent
thereof, and to leave with him this warrant.  And the said
superintendent is hereby commanded to receive the said
John Reynolds into his charge and custody, within said State
Reform School, and him safely keep, discipline, instruct, em-
ploy, and govern, under the direction of the board of trustees
of said State Reform School, for and during the period of his
minority, from the date hereof, unless he shall sooner be
discharged or bound out by said trustees, pursuant to the
provisions of the statute law of the State of Connecticut.
Dated at Bristol, this 4th day of June, 1883.  (Signed by
the justice.)

The plaintiff filed the following reply to the above return :

The said James Reynolds replies to said return and says
that upon the trial of the complaint mentioned in said return
and after the justice of the peace had found the said John
Reynolds guilty as therein alleged, and before the adjourn-
ment of said court, the said John Reynolds moved an appeal
from the decision of said justice of the peace to the next crim-
inal term of the Superior Court for Hartford County, and such
appeal was allowed and the said John Reynolds as principal
and the said James Reynolds as surety entered into a recog-
nizance in the sum of $100 to the state for the appearance of
said John Reynolds at the next criminal term of the said
Superior Court for Hartford County, to answer to said com-
plaint and abide the order and judgment of said court thereon,
as will fully appear from the complaint and record of said
justice's court, a copy of which is annexed ; and said appeal
was duly entered at said criminal term of said Superior Court,
and the said Superior Court on motion of the State's Attor-
ney for said court erased said appeal from the docket, but
without prejudice to the right of said appeal being raised

upon a hearing on writ of *habeas corpus*. And the complainant further replies that said commitment is void, as the statute authorizing the same is unconstitutional and void.

To this replication the defendant demurred, and the court held it insufficient and rendered judgment for the defendant. The plaintiff appealed to this court.

*J. Walsh*, for the appellant.

1. The appeal should have been held legal. An appeal is allowed from every conviction of a justice of the peace, except for profane swearing and Sabbath breaking. (Gen. Statutes, p. 533, sec. 7.) The right of appeal is not in express terms taken away by the statute under which the minor is committed, and such a right will not be denied unless it is withheld in positive terms by the legislature. The statute is silent on that point. In determining whether or not a right of appeal is given to the minor, it is proper to note that the state has not seen fit to invest justices of the peace with final jurisdiction in any civil action, excepting in summary process, and their final jurisdiction in criminal cases is limited to the imposition of a fine of one dollar for profane swearing and to not more than four dollars for Sabbath breaking. In view of the policy of the legislature, it is not to be presumed that it intended to clothe them with such vast power as to sentence a minor to imprisonment, as in this case, for ten years, without their decision being reviewable on appeal.

2. If the charge against the minor is not a crime or misdemeanor then the proceedings are void, because the complaint is made by a grandjuror, who is a criminal officer, on which complaint a warrant was issued and the minor arrested as a criminal, and all the subsequent proceedings were of a criminal character and form. Where process is issued on a complaint by a grandjuror for a charge which he had no authority to complain of, all the proceedings had thereon are utterly void. *Kingsbury* v. *Clark*, 1 Conn., 408; *Allen* v. *Gray*, 11 id., 95. Although the justice had jurisdiction of the charge if brought before him in a proper way, he had no jurisdiction of the process in the manner in which it was

brought. *Grumon* v. *Raymond*, 1 Conn., 40; *Slocum* v. *Wheeler*, id., 452; *State* v. *Franklin*, 9 id., 36; *Allen* v. *Gray*, 11 id., 95. The Supreme Court of Illinois in passing upon a similar statute decided that such a charge is not a crime. *People ex rel. O'Connell* v. *Turner*, 55 Ill., 280.

3. The statute is unconstitutional and in violation of the general principles of legislation.—1st. Because there is no provision made for a hearing before the commitment, and no course of procedure laid down to be pursued, and in the absence of such regulation the court ought not to sanction the arrest and prosecution of a youth as a criminal.—2d. Because the legislature has no power to compel a parent to make his child under sixteen years of age labor or follow some employment. In this case a minor of eleven years of age is committed for ten years because, " he is being brought up and is in danger of being brought up to lead an idle life." "Idle" means "not employed, unoccupied with business," and this being a penal statute should be strictly construed. *People ex rel. O'Connell* v. *Turner*, 55 Ill., 280; *Wheeler's Appeal from Probate*, 45 Conn., 314.—3d. Because the term "*vicious*" in the statute is too vague and indefinite. The legislative power only can make laws. Nowhere is there any definition of what is or what is not viciousness. Who shall decide? Acts which may be wholly ·innocent and harmless in the estimation of some men will be regarded by others as of a vicious or depraved character.—4th. Because no provision is made for a parent to be heard before his minor child is taken from his custody, and he is deprived of his control during his minority. A father is entitled to the custody of his minor children and can only forfeit it by his misconduct. *Selden's Appeal from Probate*, 31 Conn., 553. To take away that custody and proclaim him as being guilty of misconduct and unfit for it without an opportunity to be heard, is repugnant to our constitution and to every principle of natural justice; and every statute aiming to do this is void. The validity of the remainder of the statute we are not attacking, as it is not connected in any way with the proceedings on which the minor is held. A statute may

Reynolds v. Howe.

be good in part while other parts are invalid. A court there-
fore is not authorized to declare the whole void because a
portion is unconstitutional. The constitutional and uncon-
stitutional provisions may even be contained in the same
section and yet be perfectly distinct and separable so that
the former may stand and the latter fall. *Mayor &c. of
Hagerstown* v. *Dechert*, 32 Maryl., 369; *Rood* v. *McCargar*,
49 Cal., 117; *State* v. *Wheeler*, 25 Conn., 299. In the
statute in question the provisions are separate and distinct,
and the wisdom of enacting other portions of the statute
should not have any weight in sustaining that portion now
in question.

*R. S. Pickett*, for the appellee.

PARK, C. J. This is a case of habeas corpus, the com-
plaint alleging that one John Reynolds, a minor of the age
of eleven years, is unlawfully confined in the State Reform
School at Meriden. The return states that he is held upon
a mittimus issued by a justice of the peace on a judgment
rendered by him upon the complaint of a grandjuror, alleg-
ing that the said Reynolds was in danger of being brought
up, and was in fact being brought up, to lead an idle and
vicious life, contrary to the statute in such case provided.
The reply of the plaintiff avers that an appeal was taken in
due form from the judgment of the justice to the Superior
Court, and that the appeal was entered on the docket of
that court, but that on motion of the State's Attorney it
was stricken from the docket. To this rejoinder the defen-
dant demurred, and the court held it insufficient, and from
this judgment the plaintiff appealed to this court.

The statute on which the proceeding before the justice
was based is as follows: "Justices of the peace shall have
power to commit to the State Reform School * * any
boy under the age of sixteen years, who is in danger of being
brought up, or is brought up, to lead an idle or vicious life."
Acts of 1881, ch. 119.

It is manifest that this statute, so far as we have quoted

it, creates no crime and does not treat the condition of the boy as anything for which he is in fault. It found its origin in the social necessity of saving boys from impending ruin and the community from the prevalence of crime. It is of the same nature with statutes which authorize the compulsory education of children, the binding of them out during minority, the appointment of overseers and conservators to take charge of the property of those who are incapable of managing their own affairs, the confinement of the insane, and the like. The welfare of society requires and justifies such enactments. To bring up a boy to lead an idle life is, as a general rule, to educate him to a vicious life. Next to intemperance, and generally accompanying it, a habit of idleness helps to fill our alms houses with paupers and our jails with criminals. By means of these two causes the burden is imposed on the public of maintaining a worthless class of humanity as well as the great expense of our criminal courts. In a republic like ours a special duty rests upon the government of saving from ignorance and lawlessness and crime the boys who are to be its citizens and voters.

The proceeding under the statute, for committals by a justice of the peace to the State Reform School, is not a criminal one, since the matter presented by the complaint is not a criminal one; and clearly it is not a civil one. It therefore does not come within the statute allowing appeals, any more than would a proceeding for the restraint of the insane.

But it is said that the complaint was made by a grand-juror, and in his official capacity, and that grandjurors have authority to act as such only in criminal cases; and it is claimed by the plaintiff that the proceeding, if not a criminal one, was void. But any person may bring the matter before the justice, and it matters not that he is a grandjuror and assumes to act as such. Indeed the justice could take up the matter himself without any formal complaint. The statute provides for no special formality. Perhaps it would be better if some more formal proceeding were provided for by it, but as it stands it does not require it.

Reynolds v. Howe.

It is further claimed that the statute is unconstitutional in granting power to justices of the peace to commit a person to a place of confinement for such a cause, and upon an inadequate hearing and especially without a right of appeal. But as we have shown, the boy is not proceeded against as a criminal. Nor is confinement in the State Reform School a punishment, nor in any proper sense imprisonment. It is in the nature of a parental restraint. It is a mode of education to usefulness; compulsory, but not for that reason improper; and the restraint is a necessary incident of the compulsory education. It is all made necessary by the corrupting influences that surround and are likely to control the boy, and by the need of society for protection, and that necessity justifies the proceeding. To make the restraint and instruction of any permanent value they must be continued for a long time. Habits are not changed in a month; not often in a year. This is specially true of bad habits. The attempt to reform viciously inclined boys would be an utter failure if limited to a few months.

Nor is it a serious objection to the law that it deprives a parent of the services of his son. It is the duty of the parent to bring up his children to lives of industry and virtue, and where he neglects this duty, and is bringing them up to vice, he is the last one who should complain of the loss of their services. As well might a parent complain of such a loss in cases where a son is committed to prison for a crime.

Statutes like this have been in existence for the past two hundred years, and it is very late to call their constitutionality in question.

There is no error in the judgment complained of.

In this opinion the other judges concurred; except GRANGER, J., who dissented.