FRANK CLARK <i>vs.</i> THE MANUFACTURERS NATIONAL<br/>BANK ET AL.

Third Judicial District, Bridgeport, October Term, 1901.<br/>TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Under Chap. 181 of the Public Acts of 1895 (since repealed) and §§ 723 and 774 of the General Statutes, the District Court of Waterbury had no jurisdiction of an action of interpleader in which the matter in demand was less than $500.

Argued October 29th—decided December 20th, 1901.

Clark *v.* Manufacturers Nat. Bank et al.

WRIT of error to reverse a judgment rendered by the District Court of Waterbury, *Cowell, J.*, upon the ground that the action was not within the jurisdiction of said court. *Error, judgment vacated and cause stricken from docket.*

The judgment from which this writ of error was brought was rendered in the District Court of Waterbury in an action of interpleader, wherein the defendant in error, Mary F. Seaman, was plaintiff, and the plaintiff in error and the other defendants in error were defendants. The only matter in demand was the right to the sum of $75 on deposit in the defendant bank in the name of "The Danbury Hat Co., B. W. Seaman, Treasurer," which sum was claimed by both the plaintiff Mrs. Seaman and the defendant Clark; the defendant bank being willing to pay this sum to the rightful owner, and the other defendant disclaiming. The court, after issues joined and hearing, awarded the $75 to Mrs. Seaman, and rendered judgment accordingly and against the plaintiff in error, and enjoined him from taking further action to obtain said money.

*William H. Cable,* for the plaintiff in error.

*James E. Russell,* for the defendants in error.

PRENTICE, J. The sole question involved in this proceeding is as to the jurisdiction in equity of the District Court of Waterbury.

The action from which the writ of error is brought was entirely equitable in its nature. None but equitable relief was claimed. The matter in demand was $75. The parties were all of Waterbury. The statute which then conferred upon said court its jurisdiction, provided that it should have concurrent jurisdiction with the Superior Court of all actions in which equitable relief only was claimed. Public Acts of 1895, Chap. 181. The Superior Court for New Haven County, with which alone it could have any concurrent jurisdiction, had no equitable jurisdiction in any case wherein the matter in demand was less than $500. General Stat-

utes, § 774.   Upon the Court of Common Pleas was con-
ferred exclusive jurisdiction in all such cases.   General
Statutes, § 723.   The Superior Court, therefore, could not
have taken jurisdiction of this action.   No more could the
District Court of Waterbury, for its jurisdiction was ex-
pressly made concurrent with that of the Superior Court.
The Court of Common Pleas alone had jurisdiction.   The
proceedings in the District Court were therefore void *in toto*.

The plaintiff in error has not waived his right to object,
nor is his objection made too late.   *Fowler* v. *Bishop*, 32
Conn. 199 ; *Camp* v. *Stevens*, 45 id. 92 ; *Chipman* v. *Water-
bury*, 59 id. 496.

There is error, the judgment below is vacated, and the
case must be stricken from the docket.

In this opinion the other judges concurred.