FRANCIS ATWATER, COLLECTOR OF TAXES, vs. FRED O'REILLY.

Third Judicial District, Bridgeport, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The purpose of the special proceeding authorized by chapter 50 of the Public Acts of 1907, for the commitment to jail of any person who has neglected or refused to pay his poll or military commutation tax, is not to enable the tax collector to obtain a judgment for the amount of such tax, nor to require him to allege and prove that each particular step necessary to its valid assessment has been duly taken by the various town officers. It is enough if the plaintiff in such a proceeding alleges and proves that he is the tax collector of the town, that the rate bill and warrant for the tax in question have been delivered to him, and that the payment of such tax has been demanded and refused.

The poverty of the taxpayer, especially if able-bodied and well, does not exempt him from the payment of a military tax.

A vote of the inhabitants in town meeting is of no avail to reduce the amount of a tax which has been duly assessed against one of them.

Public officers acting officially are presumed to have done their duty until the contrary appears.

Argued October 28th—decided December 18th, 1908.

COMPLAINT by a tax collector alleging the nonpayment of certain military commutation taxes, brought to and tried by the City Court of Meriden (*Frank S. Fay, J.*), which adjudged the defendant guilty and sentenced him to

jail until the taxes and costs were paid, from which judgment the defendant appealed. *No error.*

*Oswin H. D. Fowler,* for the appellant (defendant).

*George A. Clark* and *Patrick T. O'Brien,* for the appellee (plaintiff).

HALL, J. Section 2395 of the General Statutes, as amended by chapter 50 of the Public Acts of 1907, provides that "when any person shall neglect or refuse to pay any poll or military tax assessed against him, after payment of the same shall have been legally demanded, the tax collector of the town to which said tax is due, and who is authorized to collect said tax, may, at any time within three years after said tax shall become due, prefer his complaint to any justice of the peace residing in said town, or to any city, town, or borough court established within said town, alleging the nonpayment of said tax, and such justice of the peace, or court, shall thereupon cause such delinquent taxpayer to be arrested and brought before such justice or court. Such justice or court shall thereupon hear and determine such case, and, if no proper or sufficient reason is shown by said delinquent taxpayer why said tax has not been paid, shall order the accused to stand committed to the jail or workhouse in the county until such tax, with the interest thereon and all costs of the proceedings, shall be paid. Any person committed to jail under the provisions of this section shall be required to do such work as his physical condition may allow, and shall be discharged when his labor at the rate of one dollar a day shall amount to said tax and costs; and thereupon the county commissioners shall pay to the tax collector of the municipality from which the delinquent was committed the amount of said tax. . . ."

In the proceeding before us the complainant is described

as the tax collector of the town of Meriden, duly appointed and qualified. One paragraph of the complaint alleges that Fred O'Reilly has failed to pay the military commutation tax of $2, assessed against him upon the rate bill, for the annual town tax of said town on the list of 1904, which became due on the 21st of April, 1905, and payment of which was legally demanded; and another paragraph contains similar allegations of the failure of said O'Reilly to pay his military commutation tax due on the 21st of April, 1907.

The delinquent taxpayer demurred to the complaint upon the grounds, in substance: that it did not appear that said taxes were properly or lawfully assessed against the defendant, or included in said rate bills; or that payment of the same had been legally demanded; or that the plaintiff was authorized to collect them.

The overruling of this demurrer is one of the reasons of appeal.

This is not an action to which the ordinary rules of pleading in either civil or criminal cases must be applied. It is a special statutory proceeding. The purpose of it is not to enable the tax collector to obtain a judgment for the amount of the taxes, nor to require him to establish before a court the validity of the tax, his authority to collect it and that it has been legally demanded, before he can procure a delinquent taxpayer to be committed to jail. The justice or court, to which such a complaint as this is preferred, renders no judgment of indebtedness. Section 2395, enacted in 1901 and amended in 1905 and again in 1907, does not, either expressly or by implication, repeal the general provisions regarding the collection of military commutation taxes, contained in §§ 2381, 2394, 2412, 2998. The collector, Atwater, could therefore, if he had seen fit, have proceeded under the warrant issued to him in March, 1908, under §§ 2381 and 2389, described below, and for want of goods or chattels of the delinquent taxpayer upon which to levy, and after legal demand upon him,

could have levied upon his body and, without granting him any opportunity for a hearing, have committed him to jail until the tax was paid.

The distinctive features of § 2395, as amended in 1907, are found in the provisions that any person committed to jail "under the provisions of this section" may be required *to work out his military tax* at the rate of $1 a day for his labor, and to pay his own board during his commitment, and that the county commissioners are required to pay the tax to the town. Before the delinquent taxpayer can be committed under *this section*, he must be given an opportunity to show some "proper or sufficient reason" why the tax has not been paid.

The averments of the complaint as above set forth were a sufficient compliance with the provisions of this section to give the court jurisdiction to make the order.

By way of answer, the delinquent taxpayer alleged that he was too poor to pay the tax, and that the town, to avoid litigation regarding the validity of military taxes, had voted to accept $1 from every person owing a military tax, in full settlement of the same, and that he had tendered that sum to the tax collector.

These were properly held to be insufficient reasons for failure to pay said taxes. The poverty of O'Reilly, who was found to be a young man apparently well and strong, did not exempt him from a military tax. General Statutes, §§ 2997, 2998.

The resolution of the town meeting was ineffectual to reduce the amount of a tax duly laid. *State ex rel. Coe* v. *Fyler*, 48 Conn. 145, 158.

In the City Court these facts were proved: The complainant was elected tax collector of the town of Meriden in October, 1907, succeeding one Holt, who had held the office during the preceding fifteen years. The compensation of both said collectors was fixed by salary. The plaintiff filed his bond and received from Holt the rate bills signed

by the selectmen for the uncollected back taxes, including the two against the defendant described in the complaint. In the books containing these rate bills were warrants issued and directed to said collector Holt in 1905 and 1907 respectively. In March, 1908, the selectmen of Meriden procured a warrant to be issued to the complainant for the collection of the taxes laid in the previous October, and of the uncollected taxes of certain previous years, including said military taxes due from O'Reilly. In January, 1908, O'Reilly received a bill from the complainant notifying him that military taxes to the amount of $4 were due to the collector. On the 14th of March, 1908, the complainant personally demanded payment of said taxes of O'Reilly, but he failed to pay them.

At the hearing counsel for O'Reilly made various claims of law, by objections to evidence and otherwise, among which were these: that it did not appear that O'Reilly's name, although entered upon said rate bills, was ever placed upon the enrollment list, as required by §§ 2995 and 2998; and that the complainant was required to prove, and that by the writing itself, that notice of the time and place at which the collector would receive payment of taxes had been published and posted as required by § 2391 of the General Statutes.

These claims are apparently based upon a misunderstanding of the real purpose of this proceeding, and of the evidence necessary to be offered by the complainant to enable him to obtain an order of commitment. He was not compelled to present proof that the various town officers in assessing these taxes against O'Reilly had taken each particular step required by statute. Public officers acting officially are presumed to have done their duty until the contrary appears. *State* v. *Main,* 69 Conn. 123, 140, 37 Atl. 80; *Hart* v. *Tiernan,* 59 Conn. 521, 526, 21 Atl. 1007. Having proved that he was the tax collector of the town; that the rate bills and warrant for the collection of these

taxes had been delivered to him; that payment had been demanded and refused, the complainant had established all the facts which the statute required him to prove, and the delinquent taxpayer having shown no proper or sufficient reason why the taxes had not been paid, the order of commitment was properly made.

There is no error.

In this opinion the other judges concurred.