# The State of Connecticut *vs.* Clifton C. Hall.

Third Judicial District, New Haven, June Term, 1912.

Hall, C. J., Prentice, Thayer, Roraback and Wheeler, Js.

The mere fact that the complaint and process prescribed for a special statutory proceeding resembles in form those ordinarily followed in ciiminal cases, does not necessarily make the case itself a criminal case. To determine that question, the nature of the delinquency alleged, the purpose of the action, and the end and object of the statute upon which it is based, are to be considered, as well as the form of the complaint and process.

Chapter 260, § 8, of the Public Acts of 1909, as amended by § 5 of chapter 295 of the Public Acts of 1911, provides that the tax collector of a town shall notify a grand juror thereof, or prosecuting attorney if there be one, of the neglect or refusal of any one to pay his personal tax of $2, together with such data as may be necessary to draft a complaint in the premises, and that the officer so notified shall prefer his complaint to a justice of the peace residing in such town, or to the town, borough, or city court, established therein, alleging the nonpayment of such tax, which court or justice shall thereupon cause the delinquent to be arrested and brought before it or him for a hearing; and that if no proper or sufficient reason is shown by such delinquent for the nonpayment of his tax, he shall be committed to the county jail or workhouse, there to remain until the tax, with interest thereon, and all costs, shall be paid. The section further provides that one so committed shall do such work as his physical condition may allow, and shall be discharged when his labor at the rate of $1 a day shall equal the amount of the tax with interest and costs, taxed as in criminal cases, together with $2.25 per week for board; and that thereupon the county commissioners shall pay to the treasurer of the town or municipality from which the delinquent was committed the amount of the tax and costs. *Held:*—

1. That there was nothing in the Act to indicate an intent to make the nonpayment of the personal tax a crime, since it provided neither for a fine nor a term of imprisonment; that its obvious purpose was to furnish an additional method or means for the collection of the tax, and one more favorable to the delinquent than that applicable in the case of other taxes; and that although the proceeding was doubtless criminal in form, the case itself was not thereby made a criminal case, but was one of special statutory character partaking of the nature of a civil action,

2. That inasmuch as the case was a civil action, the Criminal Court of Common Pleas had no jurisdiction of an appeal taken to it by the defendant from an adverse judgment of a borough court; and hence such an appeal was properly erased by the appellate court from its docket.

Argued June 4th—decided November 1st, 1912.

INFORMATION filed in the Criminal Court of Common Pleas in New Haven County by its prosecuting attorney in a cause appealed to that court from the Borough Court of Wallingford; a demurrer to the information having been overruled, the court, *Wolfe, J.*, upon motion of the defendant, erased the case from the docket for want of jurisdiction, from which judgment the State appealed. *No error.*

*Robert J. Woodruff*, Prosecuting Attorney, for the appellant (the State).

*Howard C. Webb*, for the appellee (the defendant).

THAYER, J.  The criminal courts of common pleas are courts of limited jurisdiction.  They have jurisdiction of criminal cases only, and only of such criminal cases as may be appealed to them from city, borough, and other inferior courts.  These are cases for offenses which are within the final jurisdiction of such inferior courts.  When such a case has been duly appealed to it, the Criminal Court of Common Pleas has jurisdiction of it, and its prosecuting attorney may, if he sees fit, amend the original complaint which comes up from the lower court or he may, in lieu of it, file a new information for the same, or any other offense which would have been within the jurisdiction of such lower court.  General Statutes, § 1482.  He may also, in cases of which the court might obtain jurisdiction by

appeal from a lower court, file an original information for any such offense and the court, by the issuance of a warrant thereon and the arrest of the accused upon the warrant, may acquire jurisdiction of his person and the cause. General Statutes, § 1483.

In the present case a new information was filed in place of the complaint brought up on appeal from the Borough Court. It alleges the same delinquency which was charged in the original complaint. If, therefore, the proceeding in the Borough Court was a criminal proceeding for an offense within the final jurisdiction of that court, and it was duly appealed by the defendant to the Criminal Court of Common Pleas and the information filed by the prosecuting attorney in place of the original complaint was sufficient, as the court upon demurrer held it to be, it was erroneous to erase the case from the docket. If the case before the Borough Court was not a criminal case within the final jurisdiction of that court, it was not appealable to the Criminal Court of Common Pleas, the attempted appeal was void, the Criminal Court of Common Pleas acquired thereby no jurisdiction of the defendant or the cause, and it was properly erased from the docket. The question of the appellate court's jurisdiction therefore depends, not upon the character of the information filed by its prosecuting attorney, but upon the character of the proceeding in the Borough Court, that is, whether it was a criminal case; for there can be no question that if it was a criminal case it was within the final jurisdiction of that court and that the appeal was well taken.

Whether a case is a criminal one is not to be determined from the form of the complaint and process alone. *Hinman* v. *Taylor*, 2 Conn. 357, 360; *Francis* v. *Lewis*, 11 Conn. 200, 203; *Reynolds* v. *Howe*, 51 Conn. 472, 477. There are cases which are special statutory

proceedings to which the ordinary rules of pleading do not apply. *Reynolds* v. *Howe,* 51 Conn. 472, 477, and *Atwater* v. *O'Reilly,* 81 Conn. 367, 71 Atl. 505, were such cases. In the former case the complaint was filed by a grand juror, and it and the process issued thereon were in the usual form followed in criminal cases. On *habeas corpus* it was held that an appeal from the judgment of the justice was properly erased from the docket of the appellate court on motion of the defendant, because the case was not a criminal case and was not appealable, and that the delinquent was afterward properly committed upon a warrant issued by the justice.

To determine whether the case before the Borough Court was a criminal case, it is necessary to consider the nature of the delinquency alleged, the purpose of the action, and the end and object of the statute upon which it is based, as well as the form of the complaint. *Hinman* v. *Taylor,* 2 Conn. 357; *Francis* v. *Lewis,* 11 Conn. 200; *Fenn* v. *Bancroft,* 49 Conn. 216, 218. The purpose of the action was to enforce the provisions of § 8 of chapter 260 of the Public Acts of 1909, as amended by § 5 of chapter 295 of the Public Acts of 1911. The section, as amended, reads: "When any person shall neglect or refuse to pay his personal tax so assessed against him or any uncollected poll or military tax after payment of the same shall have been duly demanded by the collector by personal demand or by depositing, in some post-office in said town, postage prepaid, a written demand for said tax, addressed to such person at his last known place of residence, the tax collector of the town wherein such tax is laid shall notify a grand juror of such town, or, if in a town where a town, city, or borough court is established, the proper prosecuting attorney or officer of such town, of such neglect or refusal, together with all data and information necessary to draft a complaint in the premises, and

such grand juror or prosecuting attorney or officer shall prefer his complaint to any justice of the peace residing in such town, or to such town, city, or borough court established therein, alleging the nonpayment of said tax, and such justice of the peace or court shall thereupon cause such delinquent taxpayer to be arrested and brought before such justice or court. Such justice or court shall thereupon hear and determine such case and, if no proper or sufficient reason is shown by such delinquent taxpayer why such tax has not been paid, shall order the accused to stand committed to the jail or workhouse in the county until such tax, with interest thereon and all costs of proceedings, shall be paid. Any person committed to jail under the provisions of this section shall be required to do such work as his physical condition may allow and shall be discharged when his labor at the rate of one dollar a day shall amount to said tax and interest and costs, taxed as in criminal cases, and including also the sum of two dollars and twenty-five cents per week for board during such commitment, and thereupon the county commissioners shall pay to the treasurer of the municipality from which the delinquent was committed the amount of such tax, together with the costs taxed by the authority committing such delinquent."

Was it the purpose of this statute to make the neglect to pay the personal tax, which it provides for, a crime? This Act repealed a prior Act which provided a proceeding, in cases of neglect to pay a poll and military tax, substantially the same as that which this Act provides in cases where there has been a neglect to pay the personal tax, the chief difference being that the complaint in that case was to be preferred by the tax collector while in this it is to be preferred by a grand juror or other prosecuting officer. In *Atwater* v. *O'Reilly*, 81 Conn. 367, 71 Atl. 505, where that statute

was before us, we held that the proceeding provided for therein was a special statutory proceeding. Prior to the enactment of either of these statutes there had existed, and still exist, statutes providing that, upon the application of the selectmen, justices of the peace shall, upon duly signed rate bills of towns, issue warrants for the collection of any sums due upon such rate bills (General Statutes, § 2381); and that upon such warrants, if payment of any tax is not made upon proper demand, the collector may levy upon the goods or land of the tax debtor, and, for want of such goods or land, upon his body, and commit him to jail, there to remain until he shall pay his tax and the legal costs. General Statutes, § 2394. This has always been regarded as a civil proceeding. The warrant issues not upon a judgment of a court, but upon the signing of the rate bill. It is in the nature of a final execution such as was issued in civil actions before imprisonment for debt was abolished in this State, and such as is now issued where the action is for fraud in contracting a debt. The proceeding is more summary than that provided by the Act for the collection of the personal tax now before us. The latter, like the one for the collection of the poll and military tax, is in the interest of the delinquent. It gives him an opportunity to be heard before a court wherein, if any proper and sufficient reason exists why the tax has not been paid, he may show it and escape commitment. The Act provides an additional proceeding to enforce the payment of the tax, permitting the delinquent to escape commitment if sufficient reason for its nonpayment exists, and, if committed, to work out the tax. It also relieves the collector of the unpleasant duty of arresting and committing the delinquent without a judicial hearing. Its purpose is not punishment. It provides for no fine and no term of imprisonment. The delinquency

The State *v.* Hall.

dealt with is not a public wrong. There is nothing in the Act to indicate an intent to make the nonpayment of the personal tax a crime. The obvious purpose was to provide an additional proceeding for the collection of the tax, and one more favorable to the delinquent than that applicable in the case of other taxes. The proceeding, like that relating to poll and military taxes, is a special statutory one, partaking of the nature of a civil action.

The complaint was preferred by the prosecuting officer as the statute requires. It alleged all the facts necessary to bring the defendant's case within the terms of the statute. It also alleged that the neglect to pay the tax was with force and arms and against the form of the statute. It was doubtless a criminal complaint in form, but its purpose was to have the defendant committed under this statute unless he paid his tax. Such a complaint, as previously stated, was filed in *Reynolds* v. *Howe,* 51 Conn. 472, and it was held that the form of the complaint did not make it a criminal case. The purpose of the complaint being to enforce the provisions of this statute, which does not make the defendant's delinquency a crime nor provide a punishment, its form did not make the case a criminal one. It could not therefore be appealed to the Criminal Court of Common Pleas, and it was properly erased from the docket.

There is no error.

In this opinion HALL, C. J., PRENTICE and RORA-BACK, Js., concurred.

WHEELER, J. (concurring). The appeal from the judgment of the Criminal Court of Common Pleas striking the case from its docket for lack of jurisdiction raises two questions. First, does the statute under

The State *v.* Hall.

which the accused was prosecuted make the neglect or refusal to pay a personal tax assessed against him a crime? Second, was the action prosecuted in the name of the State as a criminal action?

I agree with the majority opinion that the statute in question does not make the failure to pay the personal tax assessed against the accused a crime.

I disagree with that part of the opinion holding that the proceeding of the Borough Court was a civil one. The complaint was brought in the name of the State to the Borough Court, which had criminal jurisdiction, by the prosecuting attorney who "on his oath of office complaint and information makes." The accused is charged, as in all criminal cases, that "with force and arms" he did neglect and refuse to pay his personal tax, and the information concludes, as do all criminal informations, "against the peace of the State, of evil example, and contrary to the statute in such case made and provided." The accused was arrested on criminal process issued, brought before the court, put to plea, and pleaded not guilty. Thereupon the court, after trial had, rendered judgment finding the accused guilty, and ordered that the "accused . . . stand committed to the common jail in the town and county of New Haven until said tax . . . shall be paid." From this judgment the accused appealed to the next criminal term of the Court of Common Pleas in New Haven County.

Here we have an information, criminal in form, process issued thereunder criminal in form, proceedings had in the Borough Court as in all criminal causes, a sentence and judgment as in a criminal cause, and an appeal to a criminal court.

Nothing further, in my judgment, was needed to characterize the action as a criminal one.

As the statute under which the accused was con-

victed did not create a crime, the judgment of the Borough Court sentencing the accused for a crime was void, and on appeal from a void judgment the appellate court should strike the appeal from its docket and vacate the judgment of the lower court. *Clark* v. *Manufacturers Nat. Bank*, 74 Conn. 263, 264, 50 Atl. 727; note to 33 L. R. A. (N. S.) 733.

The majority opinion holds that the judgment of the Borough Court, though criminal in form, was prosecuted as and for a civil action, and therefore the Criminal Court of Common Pleas properly erased the appeal from its docket.

I agree with the court that the judgment erasing the appeal is good.

I disagree with the conclusion that the case before the Borough Court was a civil one, and hence that the judgment rendered was a civil one, and, am of the opinion that the judgment of this court should, in addition, vacate the judgment of the Borough Court.