HAROLD WOFSEY (STANDARD AUTO EQUIPMENT COMPANY) *vs.* THE NEW YORK AND STAMFORD RAILWAY COMPANY.

Third Judicial District, Bridgeport, April Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Section 8 of Chapter 400 of the Public Acts of 1921 provides that the commissioner of motor vehicles shall refuse to register any vehicle under a trade name unless the applicant shall furnish an attested copy of the certificate which every individual transacting business under an assumed name is required by § 6505 of the General Statutes to file in the office of the town clerk

Wofsey *v.* New York & Stamford Ry. Co.

where the business is conducted. *Held* that it must be presumed, until the contrary appears, that the commissioner performed his duty in issuing a certificate of registration under a trade name; and that the plaintiff, in an action to recover damages for injuries to an automobile so registered, is not bound to offer affirmative proof of his compliance with the terms of § 6505.

Whether such a plaintiff who has not, in fact, fulfilled the requirement of § 6505, would be entitled to maintain his action, *quœre.*

The measure of damages for injuries to an automobile is the difference in its value before and after the collision, and not the cost of repairs, which is merely evidence thereof; but the error of the trial court in the present case, in charging the jury that "on the question of damages you are limited to the bill of repairs" could not have substantially affected the verdict, since the bill represented the extent of the plaintiff's claim and its reasonableness, which was not questioned by the defendant, was left to the jury.

A bill for repairs is not, of itself, admissible without proof to support it.

Argued April 14th—decided June 11th, 1927.

ACTION to recover damages for injuries to the plaintiff's automobile, alleged to have been caused by the defendant's negligence, brought to the Court of Common Pleas for Fairfield County and tried to the jury before *Nehemiah Candee, Acting-Judge;* verdict and judgment for the plaintiff for $200, and appeal by the defendant. *No error.*

*Raymond E. Hackett,* for the appellant (defendant).

*Raymond E. Baldwin,* for the appellee (plaintiff).

BANKS, J. The complaint alleges that the plaintiff was the owner of a certain automobile truck which was duly registered in the office of the commissioner of motor vehicles. Upon the trial the plaintiff offered evidence to prove that, at the time of the injury to his truck while it was being operated upon the high-

way, he was doing business individually under the name of the Standard Auto Equipment Company, and in support of his allegation of registration of his truck, offered a certified copy of a certificate of registration issued by the commissioner of motor vehicles, for the truck in question, in the name of the Standard Auto Equipment Company. The defendant objected to the admission of the certificate in the absence of proof that the trade name, Standard Auto Equipment Company, had been registered in the office of the town clerk of Stamford, in which town the plaintiff conducted his business. The objection was overruled and defendant duly excepted. The court also charged the jury that, as it appeared that the plaintiff was doing business under the name of the Standard Auto Equipment Company, the registration of his truck under that name was a legal registration. This ruling on evidence and the charge of the court are assigned as two of the reasons of appeal.

Section 6505 of the General Statutes prohibits the transaction of business in this State by an individual under any assumed name or designation, corporate or otherwise, other than his real name, unless there has been filed in the town clerk's office of the town in which the business is conducted, a certificate stating the name under which the business is conducted and the full name of the person conducting it, and provides a penalty for the violation of its provisions.

Section 9 of the Motor Vehicles Act (Public Acts of 1921, Chap. 400) in force when this cause of action arose provides for the registration of motor vehicles by the commissioner, and § 61 of the Act provides that no recovery shall be had in the courts of this State for injury to person or property by reason of the operation upon any public highway of a motor vehicle which has

not been registered in accordance with the provisions of § 9.

Section 8 of the Act provides: "Said commissioner shall refuse to register any motor vehicle . . . under a trade name without a certified copy of the notice required by the provisions of section 6505 of the General Statutes."

The certificate of registration received in evidence purported on its face to have been duly issued by the commissioner, and effected a registration of the truck in question under the trade name of the Standard Auto Equipment Company. Public officers acting officially are presumed to have done their duty until the contrary appears. *Atwater* v. *O'Reilly,* 81 Conn. 367, 71 Atl. 505; *Hellman* v. *Karp,* 93 Conn. 317, 323, 105 Atl. 678; *Gett* v. *Isaacson* 98 Conn. 539, 543, 120 Atl. 156. We think that the plaintiff was entitled to rely upon this presumption as establishing prima facie a legal registration, and was not bound to offer affirmative proof of compliance with the provisions of § 6505 of the General Statutes. The plaintiff was the owner of the truck both at the time of its registration and of the collision, and the situation is not at all analogous to that in *Kaufman* v. *Hegeman Transfer & Lighterage Terminal, Inc.,* 100 Conn. 114, 123 Atl. 16, where there was a transfer of title without a corresponding change in the registration.

Massachusetts has statutes similar to our own, prohibiting recovery by the owner of a motor vehicle of damages by reason of its operation upon the highway when not properly registered, and requiring that individuals engaged in business under a trade name file a certificate giving their true names. In *Crompton* v. *Williams,* 216 Mass. 184, 187, 103 N. E. 298, the court held that the latter Act was intended for the protection of creditors and that a failure to comply

with it did not prevent recovery in a tort action by the owner of a vehicle which was registered in the trade name.

Our own statute, we have said, was also intended for the protection of creditors, and we have held that a violation of it would not prevent the offender from enforcing a contract which was otherwise legal. *Sagal* v. *Fylar,* 89 Conn. 293, 93 Atl. 1027.

Whether a failure to comply with this statute would prevent a recovery, by the owner of a vehicle registered in a trade name, of damages by reason of its operation upon the highway, is a question which, upon this record, we are not called upon to decide.

Defendant also assigns as error the charge of the court upon the measure of damages. The court charged upon this subject as follows: "On the question of damages, as I understand the situation, you are limited to the bill of repairs. The only testimony on that is the testimony of the plaintiff himself, who says he received a bill for $325. The bill is not in evidence. He testified in regard to it. The testimony of the other witness, Mr. Miller, who testified from an examination of the photographs as to what he thought would be a fair estimate of the damages. These are facts before you in the consideration of the question of damages. . . . So, you will have before you on the question of damages the single question of the bill of repairs; whether the plaintiff's claim of $325 is a reasonable charge for these repairs under the circumstances." The evidence before the jury as to damages was apparently somewhat scanty. The plaintiff testified as to the character and extent of the damage to the car and that he paid a repair bill of $325. The repair bill itself was not offered in evidence and would not have been admissible without supporting proof. *Steinert* v. *Whitcomb,* 84 Conn. 262, 265, 79 Atl. 675. There was,

however, other evidence estimating the amount of the damage to the car upon which the jury could have based a finding as to the reasonableness of the bill of repairs, which latter, so far as appears, was not questioned. The charge correctly treated the bill as merely the plaintiff's claim, limiting the amount of recovery asked. The court failed to charge the jury, as it should have done, that the measure of damages was the difference in the value of the truck before and after the collision. Evidence of the cost of repairs is admissible as proof of this difference in the value and the difference is generally, though not necessarily, measured by the cost of repairs. *Kiely* v. *Ragali,* 93 Conn. 454, 459, 106 Atl. 502; *Doolittle* v. *Otis Elevator Co.,* 98 Conn. 248, 250, 118 Atl. 818. In limiting plaintiff's recovery to the cost of the repairs and leaving to them the question of the reasonableness of the charge for the repairs, the facts show that substantially the same result must have been reached by the jury as would have been the case if the court had, in technically correct manner, told the jury that the measure of damages was the difference between the value of the truck before and after the accident, and that they might measure that difference by the bill for repairs, if they found that bill to be a reasonable one. The verdict, which was for only $200, indicates that the bill for repairs may not have received the serious consideration of the jury.

There is no error.

In this opinion the other judges concurred.