## STATE OF CONNECTICUT v. A TABLE, ETC.

COURT OF COMMON PLEAS     FAIRFIELD COUNTY     FILE No. 8588 (CRIMINAL)

Memorandum filed September 13, 1949

*James J. O'Connell,* of Bridgeport, for the State.

*Marsh, Day & Calhoun,* of Bridgeport, for the Defendant.

DWYER, J. On August 5, 1945, a branch of a fraternal society conducted an outing at a picnic grove in Stamford. While the party was in progress, officers of the state police department came to the grove where they observed a dice or crap game in progress, after which they arrested some of the participants in the game and seized the table on which the game was being played as well as the sum of $4498.16 in cash. Among

those arrested were Carlo Faillace and Michael Colletti, and they were convicted subsequently of a charge of conspiracy to violate the gaming statutes arising out of the above-mentioned occurrence. This conviction was affirmed in State v. Faillace, 134 Conn. 181.

On August 6, 1945, the prosecuting attorney of the City and Town Court of Stamford, on the complaint of one of the officers, applied to a judge of said court for a warrant commanding the state policemen to keep said table and money, and such judge issued such an order on the same day, and the policeman made a return thereon. On the following day a summons was issued for Faillace and Colletti to appear before said judge on August 14, 1945, to show cause why the seized property should not be adjudged a nuisance. Service of this summons was accepted by an attorney at law for the parties named.

An answer was filed on behalf of Faillace and Colletti in which they disclaimed any interest in the table; but Faillace claimed to be the owner of the money and denied that it was used for gambling; and asserted that it was wrongfully taken from Colletti. No further pleadings were filed nor were any steps taken until July 16, 1948, when other attorneys filed a plea in abatement and to the jurisdiction on behalf of Faillace and Colletti. The plea in abatement was overruled, but the jurisdictional question was left undecided. Thereafter, the same parties filed an amendment to the answer, setting up special defenses, and these were denied by the prosecutor.

After a hearing in May or June, 1949, the claim of Faillace was dismissed; it was concluded that the seizure was proper, and it was ordered that the money be disposed of according to law. The claimants, on August 2, 1949, filed an "appeal to the next term of the Court of Common Pleas for Fairfield County". No entry fee was paid to the clerk's office, nor, so far as appears, was any recognizance, with surety, to the state, filed.

This appeal has been docketed here in the criminal side of the court, for the very simple reason that there is no jurisdiction here of an appeal from the Stamford court in a civil case, since Stamford has a population in excess of 15,000. See General Statutes, § 7584. The prosecuting attorney now moves to erase the appeal on the ground that the proceeding is not within the statutes relating to appeals to the criminal side of this court. In substance, the claim is that the matter is not a prosecution for a crime.

It is fundamental that this court has limited criminal jurisdiction — only such as has been authorized by statute. *State* v. *Hall,* 86 Conn. 191, 192. Under § 8726 any "person convicted by a trial justice or by any municipal court, of any offense," may appeal to this court. Section 8742 does not enlarge on this grant of jurisdiction. These two statutes define the extent of power of this court in criminal cases. Thus, it becomes necessary to determine the nature of the matter involved here.

It is undisputed that, on the date mentioned, the police officers, in pursuing their duties, entered the grove peaceably and without any special authorization or search warrant for the purpose of observing whatever may have been in progress. This was legal, in view of Sup. 1943, § 740g, . . . § 8656, . . . which authorized them to arrest any law violators found in possession of a gambling device, and to seize such device, including money. *State* v. *Verrilli,* 132 Conn. 46. Thereafter, the arresting officer made his complaint to the prosecuting attorney in Stamford, who then made a written application to a judge of the local court. It is plain that all of the steps taken were founded on the statute just mentioned, and were designed to procure an order of condemnation of gambling implements under §§ 8756 and 8758. Such statutes do not provide for any appeal from an order of destruction or confiscation.

There can be no question but legislation may make property used for illegal purposes subject to forfeiture. *Alcorn* v. *Alexandrovicz,* 112 Conn. 618. A proceeding to accomplish such an object is an action in rem. *State* v. *Brennan's Liquors,* 25 Conn. 278. The right of the officers to seize the gambling device was coextensive with the right to arrest the law violators, and, while the seizure took place as part of a criminal proceeding, the subsequent action was an action against the res. *Pickett,* v. *Marucci's Liquors,* 112 Conn. 169, 174, 180. Proceedings for the destruction of contraband are generally considered to be in rem. See notes, 17 A. L. R. 573 and 50 A. L. R. 98; also 38 C. J. S. 139.

The purpose of the statutes relating to the condemnation of personal property used for an illegal purpose is not the punishment of the owner by fine or imprisonment but the abatement of a nuisance and the destruction or disposition of the seized goods or money. A special sort of statutory proceeding is provided whereby any interested party may intervene to assert his right to a return of the property if it was illegally seized. It is sig-

nificant that the final order may be made by the "judgment" to be entered by the "judge or court", for a "judge" does not have jurisdiction in criminal matters.

In the present case, it is not sought to prove the guilt of Faillace or Colletti for the violation of any penal statute. That was accomplished in another proceeding in other courts. This is a special form of action in the nature of a libel directed against specific property which, the state claims, was being used for a purpose contrary to public policy, and it may be pursued apart from the criminal proceedings which follow upon the arrest of the person making such an unlawful use of the property. *Ely* v. *Bugbee,* 90 Conn. 584.

It is concluded, therefore, that it is not an appeal by a person from a conviction of an offense in the Stamford court and that there is no jurisdiction here to entertain this case.

The motion to erase is granted.