PETER FUNK, JR., *vs.* JOHN GALLIVAN.

A penalty implies a prohibition though there are no prohibitory words in the statute.

Every contract made for the doing of anything that is prohibited by statute is void, though not made so in terms by the statute.

Courts will not lend their aid to enforce such contracts while executory, nor for the recovery back of property where executed, but if both parties are *in pari delicto* it leaves them where it finds them.

In the application of this rule it is necessary to give to either party the right to plead or prove the true nature of the transaction in bar to an action founded upon it.

It follows that possession acquired from an unlawful transaction or by an unlawful contract fully executed, will often avail the party holding it as a sufficient title.

Upon a sale of a chattel by a lottery the chattel came into the defendant's hands, he claiming to hold the successful ticket. The plaintiff claimed to be the owner of the ticket and to strengthen his title procured a bill of sale of the chattel from the person who had put it up for sale. In an action of trover brought by the plaintiff to recover of the defendant the value of the chattel, it was held—that the law would not aid the plaintiff to enforce a title growing out of such a transaction, and that his position was not aided by the bill of sale, since the former owner himself could not have recovered back the property.

TROVER for a sewing machine; brought, by appeal from a justice of the peace, to the District Court for the county of Litchfield, and tried to the jury, on the general issue, before *Fyler, J.* Verdict for the plaintiff and motion for a new trial by the defendant for error in the rulings and charge of the court. The case is sufficiently stated in the opinion.

*F. E. Cleaveland,* in support of the motion.

1. The disposal of the machine by Comstock by lottery, was a disposal by chance or hazard within the meaning of the statute and contrary to law; and all the persons concerned in it were alike guilty of a violation of law. Gen. Statutes, p. 516, secs. 4, 5.

2. The defendant offered evidence to show that after the drawing the machine was left by Comstock with Ricker, with authority to deliver it to the person holding ticket

No. 41, and that he had purchased and held that ticket, and presented it to Ricker, who thereupon delivered the machine to him. The plaintiff afterwards claimed to hold ticket No. 41 and to be entitled to the machine. The question was then raised which was justly entitled to it by the terms of the drawing. Can the courts of law be resorted to for a decision of this question? Clearly not; for standing in *pari delicto* neither can appeal for assistance to the law they have violated. 1 Swift Dig., 216, 219; *Sturges* v. *Bush,* 5 Day, 459; *Merwin* v. *Huntington,* 2 Conn., 212; *Treat* v. *Jones,* 28 id., 337.

3. The machine being in the possession of the defendant, it follows therefore that neither Comstock nor the plaintiff could have recovered it in an action at law. Nor is the plaintiff aided by his bill of sale from Comstock, for Comstock could not convey a right he did not possess. It would be folly to say that they could thus rid themselves of the consequences of their unlawful act. For if the object was to support an illegal contract or transaction, no form of words or conveyance could support the transaction or preclude the court from inquiring into the truth. 1 Swift Dig., 209; *Sturges* v. *Bush,* 5 Day, 459; *Treat* v. *Jones,* 28 Conn., 237.

*C. B. Andrews* and *A. T. Roraback,* contra.

1. A new trial will never be granted unless the court can see that some injustice has been done. In this case there has been no injustice. The verdict is right. The defendant had not a shadow of right or title to the machine. *Kelsey* v. *Hanmer,* 18 Conn., 311; *Cowles* v. *Coe,* 21 id., 220, 236.

2. If property is sold by a lottery there is nothing in our statute that prevents the buyer taking a good title. The seller is punished by a fine. The title of the buyer is not affected. Gen. Statutes, p. 516, sec. 4; *Prescott* v. *Norris,* 32 N. Hamp., 101.

3. The contract between the plaintiff and Comstock was an executed one, and however illegal the transaction may

have been as between them, the plaintiff obtained a title to the machine which he can enforce against Comstock or Comstock's creditors, and much more against a third person who is a naked wrong doer. 2 Parsons on Cont., (5th ed.,) 764; Story on Sales, §§ 496*a*, 499*a; Marks* v. *Hapgood*, 24 Maine, 407; *Woodworth* v. *Bennett*, 43 N. York, 273; *Clough* v. *Davis*, 9 N. Hamp., 500; *Smith* v. *Bean*, 15 id., 577.

4. The defendant has no more title to the machine than if he had stolen it. The logic of his claim goes to this extent. Is the law so that a man can steal property that has been bought in a lottery and hold it? *Peters* v. *Stewart*, 45 Conn., 103, 110; *Phalen* v. *Clark*, 19 id., 421; 1 Hilliard on Torts, 154.

LOOMIS, J. The plaintiff by an action of trover seeks to recover of the defendant the value of a sewing machine, conceded to be in the defendant's possession, and which he refused to give up on demand before the suit was brought. It is conceded that the machine on the 7th of November, 1879, was the property of one Comstock, who, to repair a pecuniary loss by fire, undertook at the suggestion of friends to dispose of the machine by the sale of lottery tickets. The machine was left at the hotel of one Ricker and the drawing took place there in the absence of the parties to this suit. Ticket No. 41 drew the machine. The plaintiff offered evidence, which was not objected to, to show that he purchased ticket No. 41, and the defendant No. 39, and that the defendant without authority or color of right took away the machine after the drawing from the hotel. The plaintiff also offered in evidence a bill of sale from Comstock to him, duly executed under seal dated the 9th day of November, 1879. The defendant on his part offered certain evidence to the jury tending to prove that he had ticket No. 41. The court received this subject to the plaintiff's objection, to be ruled upon in the charge.

The defendant made sundry requests of the court to charge the jury. The second request will be sufficient to

present the controlling question in the case. It was as follows :—

" If the jury finds that said machine was disposed of by any kind of lottery, chance or hazard, and in consequence thereof came into the hands of the defendant Gallivan, then Comstock had no right to said machine which he could enforce at law; and as he could convey nothing which he did not himself possess, the plaintiff Funk has no right that he can enforce at law, and your verdict should be for the defendant."

The court in charging the jury excluded from their consideration all evidence offered by the defendant tending to show that he had ticket No. 41, and the requests of the defendant to charge were denied or not complied with.

The charge as given seems consistent with the idea upon which the court excluded all evidence to show that the defendant obtained possession of the machine from the person having it in custody, upon his presentation of ticket No. 41, which drew the prize. This left the defendant before the jury in the position of a wanton trespasser, attempting to relieve that position a little by showing that Comstock, the former owner, and the plaintiff were engaged in a lottery and could not sue even a trespasser who had taken away the property thus staked in the lottery. And the argument of counsel before this court was founded largely on these premises.

If the record required us to accept such a view of the case a very different question would be presented—a question however which we do not now feel called upon to discuss. But for the purpose of determining whether a party is entitled to a new trial for evidence offered and excluded by the court, we are obliged to assume that he was able to prove what he offered to prove. Assuming then that the defendant might have proved, if allowed, that through the purchase of the ticket in the lottery he obtained possession of the machine, would it have been a good defense?

There is no doubt that the disposal of the machine by

Comstock by the drawing mentioned in the record was a disposal by chance or hazard, within the meaning of section 4, chapter 9, title 20, page 516, of the General Statutes.

It is equally clear as a proposition of law that "every contract made for or about any matter or thing which is prohibited and made unlawful by statute is a void contract, though the statute does not mention that it shall be so, but only inflicts a penalty on the offender; because a penalty implies a prohibition, though there are no prohibitory words in the statute." *Bartlett* v. *Vinor*, Carthew, 252.

It follows that neither the courts of law nor of equity will interpose to enforce such a contract while executory, nor to rescind it and recover back the consideration when executed; but if both parties are *in pari delicto* the law leaves them where it finds them.

The court below apprehended and correctly states the principle, but in applying it cut off the defendant from showing that he obtained possession by the execution of this illegal contract on the part of the owner of the machine.

At first blush it might seem unequal, and therefore unjust, to give the defendant the privilege of setting up his own participation in the illegal contract, resulting in his gain, and deny the privilege to the plaintiff, to his loss. Lord Mansfield, in *Holman* v. *Johnson*, 1 Cowper, 343, alluded to such a suggestion, which he stated and answered as follows:—" The objection that a contract is immoral or illegal as between plaintiff and defendant sounds at all times very ill in the mouth of the defendant. It is not for his sake however that the objection is ever allowed, but is founded in general principles of policy which the defendant has the advantage of, contrary to the real justice as between him and the plaintiff, by accident, if I may so say."

The law could not take any other position than that it will not lend its aid to either of the parties to an immoral or illegal transaction, but will leave them as it finds them; but to be consistent with this position it is necessary to give to either party the right to plead or prove the true nature of the transaction in bar to an action founded upon it. And

such is the well established doctrine. *Bettis* v. *Reynolds*, 12 Iredell, 344; *Brown* v. *Watson*, 6 B. Monroe, 588; *Bevil* v. *Hix*, 12 id., 143; *Heineman* v. *Newman*, 55 Geo., 262.

We know of no clearer exposition of the law on this subject than that contained in the opinion of Wells, J., in *Myers* v. *Meinrath*, 101 Mass., 368, which we will adopt as entirely applicable to the case at bar. In the case cited the action was for a chattel sold and delivered in exchange for another chattel on the Lord's day, which the defendant retained, notwithstanding the return by the plaintiff of the chattel for which it was exchanged and his demand for a corresponding return by the defendant. It was held that the plaintiff could not recover, and the reasons for the decision were as follows:—" That contracts made on the Lord's day are illegal, that no action based upon such a contract can be maintained in a court of law or equity, either to enforce its obligations or to secure its fruits, in favor of either party, are propositions settled beyond controversy. But such contracts are not altogether inoperative. They may be executed by the parties, and then the same principle of public policy which leads courts to refuse to act, when called upon to enforce them, will prevent the court from acting to relieve either party from the consequences of the illegal transaction. They may indirectly give effect to the executed illegal contract. The purpose of the rule of law, however, is not to give validity to the transaction, but to deprive the parties of all right to have either enforcement of or relief from their illegal contract. In such cases the defense of illegality prevails, not as a protection to the defendant, but as a disability in the plaintiff. Upon this principle possession acquired from an illegal transaction, or by a contract fully executed, will often avail the party holding it as a sufficient title. Neither party is allowed to impeach its validity by asserting the illegality of his own act. The transaction takes effect from the disability of the parties to assert any right to the contrary. The court does not give it effect, but simply refuses its aid to undo what the parties have already done."

For these reasons we think the court should have allowed the jury to consider the evidence offered by the defendant, and such evidence being received, the court should have charged the jury substantially as requested in the second request of the defendant and in accordance with the principles before stated.

A new trial is advised.

In this opinion the other judges concurred.