GARRATT FORD CO. *vs* VERMONT MANUFACTURING CO. *et al.*

PROVIDENCE—JULY 12, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A foreign corporation which has not appointed a resident of this State as its attorney upon whom service of process against it may be made, can maintain an action here to recover a debt due to it.

It cannot be inferred that the legislature intended to make the contracts of such a corporation invalid here, or to exempt our citizens from paying just debts on grounds of non-compliance with our statutes, when the General Assembly has not clearly expressed that intention and the inference of it is not necessary to the object of the statute.

The purpose of the statute is to require foreign corporations to appoint an attorney to receive service of process against it, and this purpose is adequately served by imposing a penalty for non-compliance with the law.

ASSUMPSIT for goods sold and delivered by a foreign corporation which had not appointed an attorney in this State on whom process against it might be served.  Heard on defendant's petition for a new trial.

STINESS J.  The plaintiff, a corporation located in Boston, Mass., sold to the defendant a tank, through a salesman who took the order in Providence, and it now seeks to recover the price in this suit.  The defendant asked the judge presiding at the trial to charge that the plaintiff, being a foreign corporation, which had not complied with the law of this State in appointing a resident of this State as its attorney (Gen. Laws. cap. 253, §§ 36 to 41), was not entitled to maintain this action.  To the refusal of the judge so to charge, the defendant asks for a new trial on the ground of erroneous ruling.

The question, whether a corporation of one State can do business in another State without complying with the laws of such State, is one which has frequently arisen and upon which decisions are conflicting, although many decisions turn upon the language of a statute.  Thus it is held that a statute prohibiting a foreign corporation from doing business in a State without complying with its terms makes such business

illegal and void, and that no such corporation can maintain an action to enforce its illegal contracts. And where the statute does not provide for the consequences of non-compliance, the argument is that the acts of the corporation must be void or else the statute would be nugatory. In Massachusetts a penalty is imposed upon the agent doing business; but the statute, Laws of 1884, cap. 330, § 3, says that a failure to comply with the conditions shall not affect the validity of an act of the corporation. *Rogers* v. *Simmons,* 155 Mass. 259. Some statutes declare the acts to be void. In such cases there can be no question of validity. Some cases hold that where the statute imposes a penalty upon the agent but is silent as to the validity of the act, it is to be presumed that the legislature intended the penalty as a sufficient safeguard for compliance, and that to declare the acts of the corporation void would go further than the statute and impose an additional penalty, by construction, which should not be done. A notable case of this kind is *Fritts* v. *Palmer,* 132 U. S. 282, in which the court says : "The fair implication is that, in the judgment of the legislature of Colorado, this penalty was ample to effect the object of the statutes prescribing the terms upon which foreign corporations might do business in that State. It is not for the judiciary, at the instance or for the benefit of private parties claiming under deeds executed by the person who had previously conveyed to the corporation, according to the forms prescribed for passing title to real estate, to inflict the additional and harsh penalty of forfeiting, for the benefit of such parties, the estate thus conveyed to the corporation and by it conveyed to others. . . . . . If the legislature had intended to declare that no title should pass under a conveyance to a foreign corporation purchasing real estate before it acquires the right to do business in the State, and that such a conveyance should be an absolute nullity as between the grantor and grantee, leaving the grantor to deal with the property as if he had never sold it, that intention would have been clearly manifested." To the same effect are *Dearborn* v. *Augustine,* 31 Pac. Rep. 327, *Edison* v. *Canadian Co.,*

24 L. R. A. 315 ; with a note which holds the contrary view. See also an instructive article by Mr. Gunn in Am. Law Reg. January, 1897, p. 19.   Without multiplying authorities, we think that the reasoning which we have quoted is conclusive, although we concede that the greater number of authorities are probably the other way.   We think, moreover, that we find support for this view in similar legislation in this State.

In Gen. Laws R. I. cap. 182, § 17, it is declared, in the case of a foreign insurance company, that the contract shall be valid, and the same declaration is made as to resident insurance companies which fail to comply with the law.   The argument is pressed that because this declaration of validity is made in these cases, its omission in the statute before us leads to the inference of the invalidity of other contracts. We do not think that the legislature intended to make one class of contracts valid and other contracts, under similar conditions, invalid.   If the legislature intends to make such contracts as the one in suit invalid, it is easy to say so ; but, in the absence of such a provision, it is a wide stretch of judicial construction for the court to hold that such a result was intended.   The purpose of the statute is not to invalidate contracts, but to require foreign corporations to appoint an attorney in this State upon whom service of process may be made.   This purpose seems to be adequately served by imposing a penalty upon the agent who ventures to do business for the company without complying with the law.   While we do not question the right of the State to impose such conditions and penalties upon foreign companies doing business here as it may deem proper, subject to the provisions of the Federal constitution as to the regulation of commerce among the States, yet, in view of the vast amount of business now done by such corporations, we think it is a conservative position to hold that the legislature did not intend to exempt our citizens from paying just debts, upon grounds of non-compliance with our statutes, which may have been fully known to the debtors, when the General Assembly has not clearly expressed that intention and the inference of it is not necessary to the object of the statute.

We are referred to *Electric News Co.* v. *Perry*, 75 Fed. Rep. 898, in which it is claimed that our statute was construed to preclude a foreign corporation, which had not complied with it, from maintaining a suit. That case, however, was a bill in equity for an injunction to restrain police officers of Pawtucket, who had seized the property of the complainant for a violation of our statute against pool selling, from interfering with their business. Judge Colt, in the opinion, very properly said that a foreign corporation, which has not complied with statutory provisions, "cannot invoke the aid of this court to prohibit the defendants from interfering with a business which it has no legal right to carry on." That is a very different thing from holding that a contract is void, which, in its nature is not contrary to public policy.

Our decision is that the court did not err in refusing the instruction asked for, and that the petition for a new trial must be dismissed.

Case remitted to the Common Pleas Division with direction to enter judgment on the verdict. .

*Edward D. Bassett and Edward L. Mitchell*, for plaintiff.
*Christopher Lee and Frank W. Tillinghast*, for defendant.

