THE CONNECTICUT BREWERIES COMPANY *vs.* BERNARD
W. MURPHY.

Third Judicial District, New Haven, June Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Under § 2643 of the General Statutes, empowering the county com-
missioners to license in writing suitable "persons" to sell in-
toxicating liquors, a corporation may be licensed.

The only way in which the intangible right involved in such a permit
can be created, is by a writing signed by the commissioners specify-
ing therein the person and place so licensed.

A license issued to an officer or member of a corporation in his own
individual name cannot operate as a license to the corporation,
nor justify sales of liquor made by the latter on its own account,
notwithstanding the county commissioners and the licensee be-
lieved that it would, and intended that it should, have that effect;
and therefore such sales being unauthorized and illegal, a note
given to the corporation in consideration thereof is void under
the provisions of § 2727.

Argued June 4th—decided August 3d, 1908.

ACTION to recover the amount of two promissory notes,
brought to and tried by the Superior Court in New Haven
County, *Roraback, J.*; facts found and judgment rendered
for the plaintiff upon the first count for $1,832 damages,
and appeal by the defendant. *Error, and cause remanded.*

The first count of the complaint alleged that on May 4th,
1905, the defendant, by his note, promised to pay to the
order of the plaintiff $1,606.59, on demand, with interest
at 5%, for value received, and that the plaintiff still owned
said note and it had not been paid. The defendant's an-
swer denied the allegations of the complaint, and contained
a special defense which alleged that the note sued upon was
for liquors illegally sold by the plaintiff in the town of.
Meriden, without legal license and in violation of the laws
of the State, and that such sale so made by the plaintiff was
the only consideration of the note. This special defense
was denied by the plaintiff.

VOL. LXXXI—10

The trial court found these issues for the plaintiff, and rendered judgment in its favor.

The finding for appeal states the facts found by the court, in substance, as follows :—

1. The plaintiff is a corporation engaged in the manufacture and sale of malt liquors upon the premises known as No. 137 South Colony Street in Meriden, and is duly organized as such corporation under the laws of the State. 2. On May 4th, 1905, the defendant owed the plaintiff for malt liquors sold by the plaintiff to the defendant during the years 1903, 1904 and 1905, and the note in suit was given in consideration of such sales. The plaintiff still owns the note and it has not been paid. 3. During the years mentioned the plaintiff sought to have the county commissioners issue licenses to it in its corporate name, but the commissioners ruled that corporations making application for licenses must choose one member or officer of the corporation to receive the license in his name, and required all corporations to so accept and receive licenses. 4. Each license purporting to authorize the sale of liquors at the plaintiff's said place of business, issued during the years mentioned, was in the form following : " We, the Commissioners of the County of New Haven, whose names are hereunto subscribed, do license John H. McMahon to sell ale, lager beer, cider and Rhine wine only, from the date hereof . . . , at No. 137 South Colony Street, in the town of Meriden, $200 having been paid for this license. In testimony whereof, we have subscribed our names . . . Jacob D. Walter, Edward F. Thompson, County Commissioners." 5. During the years mentioned, John H. McMahon was a member of the plaintiff corporation and its secretary, and by direction of the plaintiff, he, as its secretary, in each year duly made an application in behalf of the plaintiff to the county commissioners, that they issue a license to the plaintiff to sell its product at No. 137 South Colony Street, Meriden, each such application being in the form following : " I hereby apply for a license to sell ale, . . . at 137 South Colony Street, City of Meriden.

My place of business is not located within 200 feet in a direct line of a Church Edifice or Public School-house, or the premises pertaining thereto, or any Post Office, . . . Dated, . . . " and was signed, " John H. McMahon, Secretary, Applicant." This application was indorsed by five persons duly certified to be electors and taxpayers of Meriden, such indorsement stating that the undersigned do " hereby indorse the application of the above named Conn. Breweries Co. for such license." To this application was annexed an affidavit signed by " John H. McMahon, Secretary, Applicant," stating that " I, John H. McMahon, Secretary on oath do depose and say " that the business under said license was to be conducted by himself, that no disqualified person had any interest in said business, that he was not disqualified to receive said license, that there was then a license at said place, etc. One of the county commissioners added to said application a certificate that " John H. McMahon, signer of the foregoing application," personally appeared and made oath before him that no portion of the building in which it was proposed to sell liquors was used for a dwelling-house. The document containing the application and other papers is indorsed " Application of Conn. Breweries Co., No. 137–157 South Colony Street, to County Commissioners for Beer License." 6. The legal fee for the license so applied for was paid by the plaintiff by its check payable to the order of the county commissioners. 7. The county commissioners, with full knowledge that these licenses were issued for, and that the payments therefor were made by, the plaintiff, issued these licenses to John H. McMahon, for the plaintiff. 8. The plaintiff had no intention of violating any law in the sales made to the defendant for which the notes in suit were given, but followed all the directions of the county commissioners in obtaining the licenses in an honest effort to meet the requirements of the law and of the county commissioners. 9. The county commissioners, with full knowledge of the situation, issued these licenses, knowing that they were for the Connecticut Breweries Company and that it had paid its money for the

permits which the county commissioners required it to take in the name of John H. McMahon.

Upon the foregoing facts the court reached the conclusion that the note in suit was not invalid because the licenses to John H. McMahon were in fact issued for the plaintiff and paid for by it in good faith.

The main reason of appeal assigns error in reaching the conclusion stated upon the facts found.

*Cornelius J. Danaher*, for the appellant (defendant).

*Patrick T. O'Brien*, for the appellee (plaintiff).

HAMERSLEY, J. Section 2727 of the General Statutes provides that " all contracts, . . . any part of the consideration of which has been the illegal sale of spirituous and intoxicating liquors, shall be void." This section is a part of Title Sixteen, entitled "Intoxicating Liquors." Title Sixteen provides that each town shall determine by legal vote in town meeting whether or not any person shall be licensed to sell liquors in that town (§ 2638); that any license granted in a town which has voted that no person shall be licensed shall be void (§ 2641); that the county commissioners may license, by a writing signed by themselves, suitable persons to sell liquors in suitable places in towns in which such licenses can be legally granted, and upon written application in the manner prescribed (§ 2643); that all spirituous liquors which are intended by the owner or keeper thereof to be sold in violation of law, shall, with the vessels containing such liquors, be a nuisance (§ 2684); that any person who without a license therefor shall sell any spirituous liquors, shall be punished as prescribed (§ 2690). It is evident that the illegal sale mentioned in § 2727 includes every sale of spirituous liquor made by any person without a license therefor. It follows that if the plaintiff, at the time the sales by it were made, was licensed to sell by the county commissioners, by a writing signed by themselves, in accordance with the provisions of

§ 2643, then the conclusion of the trial court is correct; and if it were not so licensed, the court's conclusion is erroneous. The word "license" is used in the statute to signify the intangible right granted to the licensee, as well as to signify the writing signed by the commissioners, which is the instrument and evidence of that grant. *Quinnipiac Brewing Co.* v. *Hackbarth*, 74 Conn. 392, 394, 50 Atl. 1023. But there is nothing in the statute to indicate the possibility of a grant of this intangible right by the commissioners otherwise than by a writing signed by themselves, in which writing shall be specified the town and the particular building in which the sales licensed are to be made, and the person who is licensed to make them. General Statutes, § § 2669, 2672, 2673.

The statute authorizes a license to all "suitable persons." The word "person" includes a corporation; the first title of the Revision of 1902 provides that the word "person" as used therein may extend and be applied to corporations (§ 1). It is the common practice of the State for corporations, as well as all other persons, to engage in the business of buying and selling. The buying and selling of liquors in accordance with the regulations of law is a lawful business. Under the provisions of its joint-stock law the State charters corporations for the transaction of any lawful business, except that of a bank, insurance, surety, railroad, gas, electric light, or water company, or of any company which requires the exercise of the right of eminent domain. General Statutes, § 3358. It appears from the record that this plaintiff was incorporated by the State for the purpose of engaging in the business of making and selling malt liquors. There is nothing in the title concerning "Intoxicating Liquors" necessarily inconsistent with the license of a corporation, unless it be § 2712, which provides that every person convicted of a first violation of any of the provisions of the Act shall be punished by a fine, and that such person on every subsequent conviction shall be punished by a fine, or may be punished by imprisonment instead of, or in addition to, the fine. Laws which are ap-

plicable alike to natural and artificial persons may and do involve consequences which may, in some instances, differ in their manner of execution.   We think that the word "person," as used in this title, extends to corporations, and that the mere fact that the statute gives to the court a discretion, in imposing the penalty for a second offense, to order imprisonment of the offender instead of, or in addition to, the prescribed fine, does not furnish an implication of legislative intent sufficient to overcome the other considerations which show that, in authorizing the license of all persons engaged in the lawful business of selling liquors, the legislature intended what that language naturally and lawfully expresses.   *Enterprise Brewing Co. v. Grime,* 173 Mass. 252, 53 N. E. 855.

The plaintiff, therefore, was entitled to a license.   If the county commissioners refused that license, either on the ground that they had no power to license a corporation, or on the ground that their power, and their only power, in respect to licensing a corporation, was to license some individual who was a member or officer of the corporation; or on the ground that, notwithstanding the plaintiff was entitled to a license, yet, in their opinion, it was more convenient and equally beneficial to the plaintiff to refuse a license to it and to license some individual who was one of its members or officers,—the plaintiff had full and complete remedy by application to the court to set aside such action as illegal or in excess of the powers of the commissioners.

The situation, then, as presented by the finding of the court, is this : The plaintiff sold liquors upon its premises without a license therefor.   It did have a license upon its premises from the county commissioners to John H. McMahon to sell liquors at that place.   In licensing John H. McMahon, the county commissioners intended to enable the plaintiff to sell liquors at that place.   There is no question of clerical mistake in writing the license ; the commissioners intended just what they did write and signed, namely : We do license John H. McMahon to sell, etc.; and this the plaintiff fully understood.   The substantial ruling of

the court upon which its conclusion is based is this: The commissioners having refused to license the plaintiff, who is entitled to a license, and having licensed John H. Mc-Mahon, with the intent that such license should in law operate as a license to the plaintiff and enable the plaintiff to sell liquors without violating the statutes, and the plaintiff having in good faith, without intent to violate any law, sold liquors without any other authority therefor, such sales are not in violation of § 2690, which says that any person who without a license therefor shall sell any liquor shall be punished.

We are constrained to hold this ruling incorrect. The language of the statute is too clear and certain to permit a gloss such as this ruling requires. The only license permitted is one authorized by a writing signed by the commissioners, in which writing the person and place licensed are specified, and in no other way can the intangible right involved in a license be created. A person who does not have a writing signed by the commissioners, in which they license that person to sell, does not have a license for the sale of liquors, and sales by such person are illegal. The requirement that the license shall be in writing, and shall state the name of the licensee, is not a formal one, but one necessary to give effect to several of the important provisions of the Act. The provisions of the Act are arbitrary, in instances harsh and liable to operate inequitably and unjustly. Such liability seems to be a necessary incident to legislation of this character. In one or two instances the Act provides a specific remedy against its harsh operation, but such specific provisions imply a prohibition rather than a permission to the court to alter, on equitable considerations, the clearly expressed operation of the Act in other instances.

The sales by the plaintiff being prohibited and illegal, and constituting a part of the consideration of the contract sued upon, that contract is, by the terms of § 2727, void.. This section applies a well-established principle of common law, which the courts must apply notwithstand-

ing the apparent injustice of its operation in a particular case. The reasons for this are clearly stated in the opinion announced by JUDGE LOOMIS in *Funk* v. *Gallivan*, 49 Conn. 124, 128.

There is error, the judgment of the Superior Court is reversed and the cause remanded for further proceedings according to law.

In this opinion the other judges concurred.