L. M. SAGAL (THE NEW ENGLAND ADVERTISING COMPANY) *vs.* O. C. FYLAR AND C. A. PIERCE (THE WATERBURY TELEGRAPH SCHOOL).

Third Judicial District, Bridgeport, April Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The transaction of business by one under an assumed name or designation, without filing the certificate required by chapter 277 of the Public Acts of 1911, may render the offender liable to fine or imprisonment as provided by the Act; but the statute does not exact any further penalty, nor does it prevent the offender from enforcing any contract he has made which is otherwise legal.

The aim of the statute was the protection of those who might deal with or give credit to the fictitious entity, and not to provide a means by which those who had received a benefit at the hands of the offender should be enabled to retain it without making the compensation agreed upon between them.

There is no inflexible rule of arbitrary application for determining the effect, by implication, of a prohibitory statute. The question is one of legislative intent, to be gathered from the language of the Act read in the light of the circumstances with which it deals, the remedial object apparently in view, and such considerations of public policy as may be involved in the conflicting claims of construction. .

The case of *Funk* v. *Gallivan*, 49 Conn. 124, explained and distinguished.

Argued April 13th—decided May 11th, 1915.

ACTION to recover the contract price of advertising for the defendants upon the drop-curtain of a certain theatre, brought to and tried by the City Court of Waterbury upon a demurrer to the answer; the court, *McMahon, Associate-Judge,* overruled the demurrer and afterward rendered judgment for the defendants, from which the plaintiff appealed. *Error and cause remanded.*

*Philip N. Bernstein,* for the appellant (plaintiff).

*Edward L. Seery,* for the appellees (defendants).

PRENTICE, C. J. The plaintiff, doing business under the name of the New England Advertising Company, contracted in writing under that name with the defendants to furnish the latter with certain advertising for an agreed price per week. The plaintiff in his complaint alleges performance of this agreement on his part, and failure on the part of the defendants to make the stipulated payment in full, and seeks to recover the unpaid balance. The defendants plead, among other defenses, that the plaintiff had at no time prior to the commencement of the action filed in the office of the town clerk of the town where his business was conducted a certificate such as was required by chapter 277 of the Public Acts of 1911, p. 1586. A demurrer to this defense was overruled, and judgment rendered for the defendants.

The court below relied, and defendants' counsel rely, upon the principle enunciated in *Funk* v. *Gallivan*, 49 Conn. 124, 128, and afterward affirmed or recognized in *Wilcox Mfg. Co.* v. *Brazos*, 74 Conn. 208, 212, 50 Atl. 722, and *Connecticut Breweries Co.* v. *Murphy*, 81 Conn. 145, 151, 70 Atl. 450, to wit, that "every contract made for or about any matter or thing which is prohibited and made unlawful by statute is a void contract, though the statute does not mention that it shall be so, but only inflicts a penalty upon the offender."

Whether the rule, thus broadly stated, does not have its exceptions or limitations, as has been held in cases of high authority, we have no occasion to inquire, since the situation here differs essentially from those presented in the Connecticut cases referred to, and does not come under the operation of the rule laid down in them. See *Harris* v. *Runnels*, 53 U. S. (12 How.) 79, 85; *Dunlop* v. *Mercer*, 86 C. C. A. 435, 156 Fed. Rep. 545, 555; *In re Bunch Co.*, 180 Fed. Rep. 519, 527; *Model Heating Co.* v. *Magarity*, 2 Boyce (25 Del.) 459, 467, 81 Atl. 394; *Pangborn* v. *Westlake*, 36 Iowa, 546, 548; *Washburn Mill Co.* v. *Bartlett*, 3 N. D. 138, 144, 54 N. W. 544. In all three of the cases the undertaking was itself a forbidden one. The intention of the General Assembly to prohibit that which the parties had sought to accomplish, and all means to that end, was too clear for question. In the first case the action was brought to enforce the result of a lottery drawing; in the second, to recover for the breach of a contract for the erection of a dam in violation of the statute; and in the third, upon a note given in consideration of the illegal sale of intoxicating liquors. *Finn* v. *Donahue*, 35 Conn. 216, was an earlier case whose decision rested upon the same principle. There the plaintiff sought recovery of a loan made on the Lord's day, contrary to the statutory prohibition

of secular business on that day. The act which furnished the foundation of the right of action was thus a forbidden one. The contract which furnishes the foundation for this action was one which parties competent to contract might properly enter into. Its purpose was lawful, and the means to be employed lawful. Had Sagal used his own name all possibility of criticism would have been avoided. The prohibition of the statute extended to the use of a name not his own. It did not extend to the business done or contract made. The contract sued upon was thus in no sense one "for or about any matter or thing" which was prohibited or made unlawful.

A closer analogy to the present situation is to be found in cases such as *Chieppo* v. *Chieppo*, 88 Conn. 233, 90 Atl. 940, where a note of a corporation was held to be enforceable, although it was given in a business transaction and the corporation was forbidden by statute to do business by reason of its failure to file a certificate of organization; or such as *Fritts* v. *Palmer*, 132 U. S. 282, 10 Sup. Ct. Rep. 93, where a deed of Colorado land to a foreign corporation, forbidden by statute to do business in that State without complying with certain conditions which had not been complied with, was held not to be void. In these cases there was an express statutory prohibition, but it did not extend to the business, transaction, contract or undertaking in question. It extended only to the qualification of the party to engage in the business or transaction, or to enter into the contract or undertaking.

In cases of this character, at least, whatever decisions to the contrary may be found in other jurisdictions, there is no inflexible rule of arbitrary application for the determination of the effect by implication of the prohibitory statute. The question is one of legislative intent to be gathered from the language of the statute

read in the light of the circumstances with which it deals, the remedial object apparently in view, and such considerations of public policy as may be involved in the conflicting claims of construction. *Harris* v. *Runnels*, 53 U. S. (12 How.) 79, 84; *Dunlop* v. *Mercer*, 86 C. C. A. 435, 156 Fed. Rep. 545, 556; *In re Bunch Co.*, 180 Fed. Rep. 519, 528; *Chieppo* v. *Chieppo*, 88 Conn. 233, 235, 90 Atl. 940; *Model Heating Co.* v. *Margarity*, 2 Boyce (25 Del.) 459, 467, 81 Atl. 394; *Pangborn* v. *Westlake*, 36 Iowa, 546, 549.

Upon examination of the statute before us, two pertinent facts appear, to wit: (1) that it expressly imposes a penalty for nonobservance in the form of a fine or imprisonment, which latter may be for the term of one year; and (2) that no further penalty or consequence is attached. This has frequently been regarded as a significant indication of a purpose that the penalty expressed should be exclusive. *Fritts* v. *Palmer*, 132 U. S. 282, 289, 10 Sup. Ct. Rep. 93; *In re Bunch Co.*, 180 Fed. Rep. 519, 527; *Garratt Ford Co.* v. *Vermont Mfg. Co.*, 20 R. I. 187, 189, 37 Atl. 948; *Toledo T. & L. Co.* v. *Thomas*, 33 W. Va. 566, 570, 11 S. E. 37. The significance of the expression of one form of penalty and silence as to any other is emphasized by the care which has been taken in other of our statutes to state that the contract based upon the prohibited act should be unenforceable. See, for example, § 2727 of the General Statutes, dealing with contracts connected with the illegal sale of intoxicating liquors, and chapter 244 of the Public Acts of 1911, p. 1539, touching usurious loans, in both of which there is a clear provision that the contract should be unenforceable.

The remedial purpose of the statute manifestly was that the public should have ready means of information as to the personal or financial responsibility behind the assumed name. Its aim was the protection of those

who might deal with or give credit to the fictitious entity. It obviously was not to provide a means by which persons having received a benefit from another should be enabled to retain it without compensation and to repudiate any agreement for compensation. Doubtless a penalty which held out a reasonable promise of securing compliance with the statute was intended; but one which had in it the possibility of a year's imprisonment would seem to be adequate to accomplish that end, and it would seem that a further penalty such as the defendants contend for would create a cumulative penal result with which the evil sought to be remedied was scarcely commensurate.

We are of the opinion that the intent of the General Assembly was that the penalty expressed in the statute should be exclusive, and that contracts otherwise lawful entered into in the course of a business carried on in disregard of the statute should be neither void nor unenforceable. The demurrer should have been sustained.

There is error, the judgment is set aside and the cause remanded for further proceedings according to law.

In this opinion the other judges concurred.