## MARINO DENOVELLES v. SAM VASINGTON

SUPERIOR COURT        NEW LONDON COUNTY        FILE NO. 18187

Memorandum filed January 20, 1949.

*Edward C. Hamill,* of Norwich, for the Plaintiff.

*Arthur F. Libby,* of Norwich, for the Defendant.

DALY, J. The defendant, by answer dated and filed November 10, 1948, alleged that the agreement referred to in the complaint purports to be an agreement which contravenes the statutory or fundamental law of this state and is an illegal agreement.

It was agreed by the parties, after the demurrer was argued, in order that the demurrer may raise the question sought to be determined, that the answer might be amended. This has been done and this matter is now considered in the same way it would have been had the amendment to the answer been filed before the demurrer.

The complaint in substance alleges an agreement between the parties whereby a liquor license was to be obtained by the defendant, the permittee, and the plaintiff as a partner was to share in the profits. It is clear from the complaint that the agreement did not provide that the parties should act in accordance with the statutes of this state.

In *Tator* v. *Valden,* 124 Conn. 96, at page 101, the following appears: " 'It is unquestionably the general rule, upheld by the great weight of authority, that no court will lend its assistance in any way toward carrying out the terms of a contract, the inherent purpose of which is to violate the law. In case any action is brought in which it is necessary to prove the illegal contract in order to maintain the action, courts will not enforce it, nor will they enforce any alleged right directly springing from such contract, but if both parties are in pari delicto, the law will leave them where it finds them. *McMullen* v. *Hoffman,* 174 U. S. 639, 654, 19 Sup. Ct. 839, 845.' *Vaszauskas* v. *Vaszauskas,* 115 Conn. 418, 423, 161 Atl. 856. . . . As was pointed out in *Sagal* v. *Fylar,* 89 Conn. 293, 295, 93 Atl. 1027, whether or not this rule, thus broadly stated, may be subject to any limitations, where the undertaking contracted for is itself forbidden by a statute making clear the Legislature's intention to prohibit that which the parties are seeking to accomplish, it squarely applies."

The demurrer is overruled.