[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#103)
Plaintiff 1800 Investors ("Investors") brought its two count complaint alleging wrongful conversion of funds, and violations of Conn. Gen. Stat. 42-110b, the Connecticut Unfair Trade Practices Act against the defendant Fairfield Lumber and Supply Company ("Fairfield Lumber"). Also named as defendants are Ramberto and Maria Villages.
Fairfield Lumber answered, raised two special defenses and its one-count-counterclaim alleging a CUTPA violation against Investors. The motion before the court is Investor's motion to strike Fairfield Lumber's counterclaim.
In its counterclaim, Fairfield Lumber, as a basis for its CUTPA claim, alleged that Investors failed to file a trade name certificate with the town clerk in Norwalk; that Investors failed to comply with Conn. Gen. Stat. 35-1. The counterclaim further alleges that such failure caused the conveyance of a mortgage to Investors to be a nullity. The counterclaim alleges that Investors actions constitute unfair trade practices in violation of Conn. Gen. Stat. 42-110b, and that Fairfield Lumber has suffered ascertainable loss due to Investors actions. Fairfield Lumber asks for money damages, punitive damages and reasonable attorney's fees on the counterclaim.
The motion to strike contests the legal sufficiency of the allegations of the complaint. Conn. Practice Bk. 152 (1990). It admits all facts well pleaded; it does not admit legal conclusions. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). The plaintiff must allege some recognizable cause of action in his complaint. Robert S. Weiss and Associates v. Wiederlight,208 Conn. 525, 535 n. 5 (1988). The court is limited to the facts alleged in the complaint Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988) and must construe those facts in the manner most favorable to the pleader. Rowe v. Godou,209 Conn. 273, 278 (1988). Where a motion to strike is CT Page 5964 directed to the entire complaint, it must fail if any of the plaintiff's claims are legally sufficient. Doyle v. A P Realty Corporation, 36 Conn. Sup. 126, 127 (1980).
Fairfield Lumber alleges that in February, 1988, one Daniel Matteo Young assigned a mortgage to Investors, and that Investors failure to have the proper trade name certificate on file nullified the mortgage assignment to Investors. Subsequent to the assignment of the mortgage to Investors, which assignment was recorded in the Norwalk Land Records on February 24, 1988, Fairfield Lumber attached the mortgage (June 27, 1988) and recorded a judgment lien on the mortgage debt (April 24, 1989). Plaintiff's complaint and copies of recorded documents attached thereto.
Fairfield Lumber further alleges that the plaintiff's actions constitute unfair or deceptive practices or acts in violation of the noted statutes.
1800 Investors now moves to strike Fairfield Lumber's counterclaim on the ground that Fairfield Lumber has failed to state a claim upon which relief can be granted. Both parties filed memoranda of law.
In its memorandum in support of its motion to strike the defendant's counterclaim, the plaintiff Investors argues that it is a long standing rule in this jurisdiction that where business has been transacted under an assumed name, and the party did not file a certificate of trade name, the business transacted is valid if the contract is otherwise legal, and that the assignment of the mortgage is valid. Investors further argues that Fairfield Lumber made an error in its title search, failing to note the assignment of the mortgage in question to Investors.
In support of its position that its mortgage transaction is valid, the plaintiff relies on Sagal v. Fylar, 89 Conn. 293
(1915). In Sagal, the parties executed a contract for advertising services, for which the defendant failed to pay, and raised the defense that the plaintiff had not filed a trade name certificate with the town clerk. The court stated that:
 We are of the opinion that the intent of the General Assembly was that the penalty expressed in the statute should be exclusive, and that contracts otherwise lawful entered into in the course of a business carried on in disregard of the statute should be neither void nor unenforceable.
Sagal, 89 Conn. at 298. CT Page 5965
The defendant argues in opposition to the motion to strike its counterclaim that it has alleged each element required to sustain a CUTPA violation, that the remedial purpose of Conn. Gen. Stat. 35-1 is "to provide third parties with some reasonable form of notice" and that because Investors failed to file a trade name certificate, Fairfield Lumber did not have notice of the actual owner of the mortgage, subjecting investors to liability under the statute.
Conn. Gen. Stat. 35-1 states in pertinent part:
 Sec. 35-1 Fictitious trade names forbidden; certificates. Unfair trade practices. No person, except as hereinafter provided, shall conduct or transact business in this state, under any assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the person or persons conducting or transacting such business, unless there has been filed, in the office of the town clerk in the town in which such business is or is to be conducted or transacted, a certificate stating the name under which such business is or is to be conducted or transacted and the full name and post office address of each person conducting or transacting such business or, in the case of a corporation using such an assumed name, its full name and principal post-office address. . . . Any person conducting or transacting business in violation of the provisions of this section shall be fined not more than one year. Failure to comply with the provisions of this section shall be deemed to be an unfair or deceptive trade practice under subsection (a) of section 42-110b.
Id.
The statute provides for the filing of trade name certificates for entities carrying on business under an assumed name, and provides a penalty, fine or imprisonment, for noncompliance. It is found that 35-1 does not itself create a private cause of action, but can be a basis of a cause of action if facts necessary to support a CUTPA claim are pleaded.
Our Supreme Court has set out the criteria for determining where a practice is unfair.
 "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statute, CT Page 5966 the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." Conaway v. Prestia, 191 Conn. 484, 492-93, quoting FTC v. Sperry 
Hutchinson Co., 405 U.S. 233, 244-45 n. 5, 92 S.Ct. 898, 31 L.Ed.2d 179 (1972).
McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 568
(1984).
A Practice is unfair if it violates any of the three prongs of the test. McLaughlin Ford, 192 Conn. at 569 n. 15. Fairfield Lumber has not alleged that the challenged conduct was immoral, unethical, oppressive or unscrupulous, thus eliminating the second prong of the test. The first prong sets out the areas wherein public policy can be offended. The Connecticut legislature has established the policy of the state regarding the conducting of business after the failure to register a fictitious trade name, when it stated that such failure "shall be deemed to be an unfair or deceptive trade practice under subsection 9(a) of section 42-110b." Conn. Gen. Stat. 35-1.
The legislature has provided a penalty for failure to comply with Conn. Gen. Stat. 35-1, that is, a fine and/or prison term. Our Supreme Court has stated that the statutory penalty is exclusive, and that contracts entered into while not in compliance with the predecessor statute of 35-1 are "neither void nor unenforceable." Sagal, 89 Conn. at 298. It is found that Fairfield Lumber has not alleged sufficient facts to overcome the exclusive remedy provided by the legislature.
Additionally, the public policy prong requires an allegation of, or facts supporting an "established concept of unfairness."
 To justify a finding of unfairness the injury must satisfy three tests. It must be substantial; it must not be outweighed by any countervailing benefits to consumers. . .; and it must be an injury that consumers [businessmen] could not reasonably have avoided.
McLaughlin Ford Inc., 192 Conn. at 569-70. Fairfield Lumber did allege that "the members of the general public, including the plaintiff, had no actual notice of each and every person who may be involved in the entity known as "1800 Investors" on said date." (referring to date of February 24, 1988). It is also the CT Page 5967 opinion of the court that this allegation does not include a claim that the conduct is substantially injurious to the general public or the plaintiff, or does not allege that Fairfield Lumber could not reasonably have avoided any injury due to Investors failure to register its trade name. Accordingly, Fairfield Lumber has not alleged sufficient facts to meet either the public policy prong or the substantial injury prong.
Fairfield Lumber further alleged that "on account of such failure [to register the trade name] the alleged conveyance of February 23/24 1988 is a nullity." It is found that this allegation is a conclusion of law, which the court does not admit as true for the purposes of a motion to strike. Mingachos, 196 Conn. at 108.
The failure to register a trade name does not nullify an assignment of a mortgage and Fairfield Lumber has not supported its allegation of a CUTPA violation. The motion to strike Fairfield Lumber's counterclaim is granted. See generally, McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 530 (1991).
JOHN J. P. RYAN, JUDGE.