[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Herbert F. Schwartz and Nan B. Chequer, have applied, pursuant to General Statutes § 49-35a(a), to discharge a mechanic's lien in the approximate amount of $31,000, filed on CT Page 3292 December 23, 1994, against their property in Riverside by the defendant, Best Construction Developing Co., Inc. (Best Construction Developing). In support of their application, the plaintiff introduced into evidence a contract dated August 13, 1993, in the approximate amount of $377,000, which they entered into with a contractor, "Best Developing Company," of Pound Ridge, New York, acting by "James Best, President," for alterations and additions to their home. The contract was not with the entity, Best Construction Developing, that placed the mechanic's lien on the plaintiffs' real estate.
The plaintiffs also claim that a mechanic's lien was first filed against their property in November, 1994, by Best Developing Company, which lien was subsequently discharged in January, 1995, in accordance with General Statutes § 33-412(a), because the lienor, Best Developing Company, was not authorized to conduct business in this state. See Best Developing Co. v.Schwartz, CV94 0142484. The second lien, which is the subject of this application, was filed in late December, 1994, but under the name of Best Construction Developing as contractor. The plaintiffs argue that the defendant, Best Construction and Developing, was substituted as lienor in the place of Best Developing Company, the lienor in the prior case, because the named defendant in this case is authorized to conduct business in Connecticut, but it is not the party with which they contracted for the alterations to their home.
Moreover, according to the plaintiffs, Best Construction 
Developing, the lienor, did not file a certificate with the Town Clerk of Greenwich, in accordance with General Statutes § 35-1, permitting it to transact business under an assumed name, such as Best Developing Company. Thus, the plaintiffs claim that the defendant, Best Construction Developing, has no right to file a mechanic's lien against their property because it is not the party with which they contracted, and also because it had not been registered to do business under an trade name at the time it filed a mechanic's lien.
The defendant, Best Constructing Developing, contends that it is a New York corporation and is qualified and authorized to transact business in Connecticut; that it does business under the assumed or trade name of Best Developing Company; that the plaintiff and Best Developing Company "are one and the same;" that Sagal v. Fylar, 89 Conn. 293, 298, 93 A. 1027 (1915), is authority for the proposition that the failure to file a trade CT Page 3293 name certificate does not bar the defendant from filing a mechanic's lien and/or ultimately foreclosing such lien; and that the plaintiffs' architect certified in June, 1994, that the balance of the contract price plus extras, approximately $31,000, was due from the plaintiffs. The defendant also claims that "Best Developing Company" is not a corporation, although, as noted previously, the contract with the plaintiffs was signed on behalf of that entity by its "president."
The evidence presented at the hearing discloses that the payment certificate signed by the architect referred to the contractor as "Best Developing Company", and the lien claimant on the mechanic's lien referred to the parties to the contract as the plaintiffs and "Best Construction Developing Co., Inc. d/b/a Best Developing Company." It was further noted that in 1988, Best Construction Developing filed a certificate with the New York Secretary of State in Albany that it was engaging in business under the "assumed name" of "Best Developing Company" and that such business would be conducted in Westchester County under that assumed name.
The issue in this proceeding is who or what entity is entitled to file a mechanic's lien against the plaintiffs' property under the circumstances. A starting point for this inquiry is First Constitution Bank v. Harbor Village Ltd.Partnership, 230 Conn. 807, 646 A.2d 812 (1994), which points out that the mechanic's lien statute should be construed in a liberal fashion "in order to achieve the remedial purposes of the statute." Id., 815. However, General Statutes § 49-35b provides that at a hearing to discharge a mechanic's lien, "the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien." Moreover, the class or type of persons who are authorized to file a mechanic's lien are those who have a claim "by virtue of an agreement with or the consent of the owner" or with an authorized agent of the owner.Centerbrook, Architects v. Laurel Nursing Service, 224 Conn. 580,584, 620 A.2d 127 (1993). In this case, it was Best Developing Company that had an agreement with the owner, not the entity that filed the mechanic's lien.
A mechanic's lien was discharged in Looram v. Heilig, 9 Conn. L. Rptr 81, 82 (May 12, 1993, Hodgson, J.), because the owner had contracted with a Richard Sullivan, but the lienor was Michael E. Looram d/b/a Sullivan Engineering Associates. The lienor "has not demonstrated that he had an enforceable contract CT Page 3294 with the [owner]". The lienor in this case, Best Construction 
Developing, has not demonstrated that it has an enforceable contract with the plaintiffs since the latter contracted with another entity.
Although the named defendant in this proceeding is authorized to transact business in this state, and is authorized to conduct business under the assumed name of Best Developing Company in Westchester County, it is clear that the defendant, as lienor, did not sign the contract with the plaintiffs. Moreover, at the time the mechanic's lien was recorded, this defendant had not filed a trade name certificate with the Greenwich town clerk that it was conducting business in that town under the assumed name of Best Developing Company. The purpose of General Statutes § 35-1 was set forth as follows:
 "its object is to enable a person dealing with another trading under a name not his own, to know the man behind the name, that he may know or make inquiry as to his business character or financial responsibility . . . ." (Internal quotation marks omitted.) Metro Bulletins Corporation v. Soboleski, 30 Conn. App. 493, 499, 620 A.2d 1314 (1993).
It follows therefore that the defendant is not authorized to file a mechanic's lien for either or both of the above reasons. The absence of a valid contract between the owner and the lienor renders a mechanic's lien void and unenforceable. The mechanic's lien is ordered discharged.
Dated at Stamford, Connecticut, this 26th day of April, 1995.
WILLIAM B. LEWIS, JUDGE CT Page 3295