[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE CLAIM FOR DETERMINATION OF INTERESTS
The question presented by this case involves the ownership of corporate property when the corporation in question does business under a trade name. The facts are found after a hearing on a claim for determination of interests in disputed property. Conn. Gen. Stat. § 52-356c.
David Russell ("Russell") is the president and sole shareholder of a corporation entitled Russell Automotive CT Page 7153 Enterprises, Inc. (the "corporation"). Russell does business under the name of the corporation which itself does business under the trade name of Cottman Transmission at 950 Orange Avenue in West Haven. Cottman Transmission is actually a franchise, headquartered in Pennsylvania. The corporation operates one of approximately two hundred franchises nationwide. Russell has filed a certificate in the office of the West Haven town clerk stating that he does business under the assumed name of "Russell Automotive Enterprises, Inc. DBA Cottman Transmission Center."See Conn. Gen. Stat. § 35-1.
In 1994, the plaintiff, Edwin Laughran, entered into a contract for services with the entity just described. The receipt states that the agreement is with "Cottman Transmission, 950 Orange Avenue, West Haven, CT. . . owned and operated by: Russell Automotive Enterprises, Inc." The name "Cottman Transmission" is in very large block letters on the receipt. The words "owned and operated by: Russell Automotive Enterprises, Inc." are in much smaller letters.
The plaintiff found the service he received to be unsatisfactory and commenced a small claims action in 1995. The defendant in this action is named as "Cottman Transmission, 950 Orange Avenue, West Haven, CT." The plaintiff has represented himself at all times. The action was defended by Russell who on some occasions signed motions individually and on some occasions signed them as "president." The case was transferred to the regular docket at the defendant's request. The defendant was subsequently defaulted for failure to appear at a hearing and, on June 17, 1996, after a hearing in damages, judgment entered for the plaintiff in the amount of $1,675.86.
On January 31, 1997, the plaintiff applied for an execution on the nonexempt personal property of the judgment debtor. Conn. Gen. Stat. § 52-356a. He named the judgment debtor as "Cottman Transmission, 950 Orange Avenue, West Haven, CT." The corporation subsequently filed a claim for determination of interests in the disputed property located at this address. Conn. Gen. Stat. § 52-356c. It was established at the hearing that the disputed property is actually owned by the corporation. The question presented is whether the plaintiff may execute against this property. For the reasons that follow, the answer to this question is in the affirmative.
The corporation correctly points out that, "as a general CT Page 7154 rule, a judgment rendered against one person or entity may not be enforced against another who was not a party to the action." 30 Am.Jur.2d Executions § 9 (1994). (Footnotes omitted.) This rule, thus stated, is, however, of limited assistance in answering the question presented here. Although the corporation owns the disputed property, it remains necessary to determine whether the corporation, by virtue of its use of a trade name, was a party to the action.
Under our postjudgment remedies statutory scheme, execution may be made "against the nonexempt personal property of the judgment debtor." Conn. Gen. Stat. § 52-356a(1). A "judgment debtor" is defined as "a person against whom a money judgment was rendered." Conn. Gen. Stat. § 52-350a(11). A "`person' includes an individual, a partnership, an association, a limited liability company or a corporation." Conn. Gen. Stat. §52-350a(14).
As our trade name statute, Conn. Gen. Stat. § 35-1, expressly provides, a "person" may conduct business under an assumed name, as long as certain registration procedures are followed. That has happened here. The corporation transacts business under the assumed name of Cottman Transmission. It is inconsequential that Cottman Transmission is actually a franchise headquartered in Pennsylvania. The fact that it is the assumed name of the corporation here is dispositive.
The trade name statute was "intended for the protection of creditors." Wofsey v. New York Stamford Ry., 106 Conn. 254,258, 138 A. 136 (1927). See Metro Bulletins Corp. v. Soboleski,30 Conn. App. 493, 499, 620 A.2d 1314, cert. granted, 225 Conn. 923,625 A.2d 423 (1993). "Its aim was the protection of those who might deal with or give credit to the fictitious entity." Sagalv. Fylar, 89 Conn. 293, 297-98, 93 A. 1027 (1915). The statute obviously was not intended to provide a means by which persons might conduct a business under one name and avoid responsibility for their debts by owning property under another. Id. The trade name statute's provision that a corporation may conduct business under an assumed name confers a benefit on that corporation, but carries with it a corresponding burden. Not only may a corporation enforce contracts and judgments under an assumed name, but it is bound by those contracts and judgments as well. 18A Am.Jur.2d Corporations § 284 (1985). A corporation that does business under an assumed name is "bound thereby in its CT Page 7155 corporate capacity." Brotherhood State Bank v. Chapman,259 P. 391, 392 (Wash. 1927).
For these reasons, the plaintiff may execute against the disputed property owned by Russell Automotive Enterprises, Inc. at 950 Orange Avenue in West Haven.
Jon C. Blue, Judge of the Superior Court