[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY (#109) MOTION FOR SUMMARY JUDGMENT (#113)
The plaintiff has brought a two count amended complaint against the defendants. In count one, the plaintiff seeks compensatory damages for personal injuries allegedly sustained by his minor son arising out of a slip and fall on a wet Supermarket floor. The present motions do not CT Page 7561 address this count. In count two, the plaintiff seeks compensatory damages, punitive damages and attorney's fees based on an alleged violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110(a) et seq., ("CUTPA"). Both sides have filed motions for summary judgment on the CUTPA count. For the reasons set forth below, the plaintiff's Motion for Summary Judgment As To Liability (#109) is denied and the defendants' Motion for Summary Judgment (#113) is granted.
 I BACKGROUND
The following facts are not in dispute.
The supermarket where the plaintiff's minor son allegedly fell bore the name "Stop Shop" and/or "Super Stop Shop." These names were displayed on signs inside and outside the store. The store was located at 370 Hemingway Avenue, East Haven, Connecticut.
The Stop Shop Supermarket Company is the operating company for Stop 
Shop supermarkets in Connecticut including the store where the plaintiff's minor son allegedly fell. At the time of the incident, as well as the time the present lawsuit began, The Stop Shop Supermarket Company was wholly owned by its parent company, The Stop Shop Companies, Inc. Effective November 1, 2000, The Stop Shop Companies, Inc. merged into The Stop Shop Supermarket Company.
The Stop Shop Supermarket Company at all relevant times was authorized to transact business in Connecticut and was registered with the Secretary of State. The names "Stop Shop" and "Super Stop Shop" were not, however, registered as tradenames with the town clerk for the Town of East Haven.
 DISCUSSION II
As relevant here, General Statutes § 35-1 provides:
"No person . . . shall conduct or transact business in this state, under any assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the person or persons conducting or transacting such business, unless there has been filed, in the office of the town clerk in the town in which such business is or is to CT Page 7562 be conducted or transacted, a certificate . . . Any person conducting or transacting business in violation of the provisions of this subsection shall be fined not more than five hundred dollars or imprisoned not more than one year. Failure to comply with the provisions of this subsection shall be deemed to be an unfair or deceptive trade practice under subsection (a) of § 42-110b"
The plaintiff asserts that "Stop Shop" and "Super Stop Shop" are assumed or fictitious names used by The Stop Shop Supermarket Company. The plaintiff further claims that, since neither name was registered as a tradename with the East Haven Town Clerk, a CUTPA violation exists pursuant to the explicit language of § 35-1. Finally, the plaintiff represents that the failure to file a tradename certificate has caused him damages in the form of investigative costs required to identify the proper defendant to sue on the slip and fall claim.
The defendants' response is two-pronged. First, the defendants argue that as a personal injury claimant, the plaintiff is outside the class of persons covered by § 35-1. Second, even if § 35-1 applies, the defendants assert that they are not doing business under a fictitious or assumed name but rather under their real name and therefore the registration requirements are inapplicable.
 A.
The first issue is whether the plaintiff can assert a violation of § 35-1. Connecticut cases have consistently ruled that the fictitious name statute was principally intended for the protection of creditors.Sagal v. Fylar, 89 Conn. 293, 298 (1915); Wofsey v. New York StamfordRy. Co., 106 Conn. 254, 258 (1927); Metro Bulletins Corporation v.Soboleski, 30 Conn. App. 493, 499, cert. granted, 225 Conn. 923 (1993). This interpretation is in accordance with the general view throughout the country. See Annotation: Doing Business Under Assumed Name, 42 A.L.R.2d 516, 521-22. In this regard, the plaintiff's status as personal injury claimant is not that of a creditor and thus outside the primary purpose of § 35-1. While protection of creditors is the principal object of § 35-1, our cases make clear that it is not the only object. Its purpose is also to protect the public against fraud and deceit, MetroBulleting Corporation, supra 499, and those who might deal with the fictitious entity. Sagal v. Fylar, supra 298. Our Supreme Court has stated that the object of the statute "is to enable a person dealing with another trading under a name not his own, to know the [person] behind the name, that he may know or make inquiry as to his business character or financial responsibility." DiBiase v. Garnsey, 103 Conn. 21, 27 (1925). CT Page 7563
In assessing the appropriate reach of § 35-1, one must be mindful that the statute is in derogation of the common law,[1] and is penal in nature and therefore should be strictly construed and not extended to situations not clearly within its provisions. 57 Am.Jur.2d, Name, § 65.
Based on the above, the court finds that § 35-1 should not apply to personal injury claimants such as the plaintiff. Even extending the statute beyond the protection of creditors, its fundamental purpose remains the same — to let people know who they are really dealing with so that they can investigate and protect their interests. In other words, the purpose is prospective in nature allowing persons, in advance, to guard against fraud. The plaintiff's situation is the opposite. The claim here is that a minor child was injured as a result of an accidental fall resulting from the defendants' negligence. Advance protection from fraud and deceit are inapplicable to this situation.
The plaintiffs' claim that the existence of a tradename certificate would have facilitated his identification of the correct defendant to sue, while undoubtedly true, does not justify an extension of § 35-1
beyond its intended scope. Particularly here where that scope has been delimited through the long line of cases cited above.
 B.
Even assuming that § 35-1 did apply to the plaintiff's situation, a second issue is whether the defendants are doing business under an "assumed" name. Stated another way, is the name "Stop Shop" an assumed or real name for The Stop Shop Supermarket Company?
Webster's Third New International Dictionary defines "assumed" (in the context of an assumed name) to mean "fictitious, false." Moreover, for purposes of fictitious name statutes, a name is not fictitious or assumed if it fairly discloses the name of the person conducting the business. 57 Am.Jur.2d, Name, § 72. Thus, where an individual proprietor did business under his surname with the additional words " Co.," "Packing Company," "Steam Laundry," or followed by " Son" such uses were not deemed to be fictitious or assumed names within the reach of the statute. Id.
While the application of this precedent dealing with sole proprietorships to the corporate business form is somewhat imperfect, the reasoning is the same. That is, tradename registration is only required where the name used does not reasonably disclose the real name of the person conducting the business. CT Page 7564
In the present case, "Stop Shop" is not a false or fictitious name for The Stop Shop Supermarket Company. The name adequately discloses the real name of the person conducting the business such that creditors and others dealing with the business can protect their interests through inquiry. In this case, that inquiry could have been made (and in fact was made) with the Secretary of State. Accordingly, the court finds that "Stop Shop" is not an assumed name for purposes of § 35-1.
 CONCLUSION
For the reasons set forth above, the plaintiff's motion for summary judgment as to liability on count two is denied and the defendants' motion for summary judgment as to count two is granted.
So Ordered at New Haven, Connecticut this 15th day of June, 2001.
Devlin, J.